(48 Misc. Rep. 183)

### MUNRO v. MARYLAND CASUALTY CO.

(Supreme Court, Trial Term, New York County. August, 1905.)

1. INSURANCE—EMPLOYERS' INDEMNITY POLICY—LIABILITY OF INSURER.

Under an employers' indemnity policy, limiting the insurer's liability to $5,000, and providing that no action shall lie for any loss, except by the insured, to reimburse himself for loss actually sustained and paid in satisfaction of the judgment after trial, the company is not liable in excess of $5,000, where the assured has paid a judgment which, including costs and interest, is in excess of $5,000.

2. SAME—COSTS OF ACTION—CONSTRUCTION OF POLICY.

Where an employers' indemnity policy provided that the insurer would defend against legal proceedings in the name and on behalf of the assured, or settle the same at its own cost, unless it should elect to pay the assured the indemnity provided, the insurer was not liable in excess of the stipulated amount of insurance for the costs of an action in which a judgment exceeding the amount of the policy was recovered against the insured; the stipulation for the payment of costs referring to expenses of the settlement, and not to the taxable·costs of an action.

Action by George W. Munro against the Maryland Casualty Company. Judgment for defendant.

Hughes, Rounds & Schuman, for plaintiff.

Battle & Marshall (H. Snowden Marshall, of counsel), for defendant.

LEVENTRITT, J. This case was tried and submitted but a few days ago, and the desire to secure a decision before the close of the term and the beginning of the summer vacation renders any exhaustive opinion or analysis of the conflicting cases in the different jurisdictions impossible. The defendant in this case agreed to indemnify the plaintiff "against loss from common-law or statutory liability for damages on account of bodily injuries, * * * accidentally suffered: * * * Provided, however, that * * * the company's liability for an accident * * * is limited to five thousand dollars. * * *" Certain so-called general agreements are incorporated in the contract as conditions precedent, the material ones of which are as follows:

"(2) If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, immediate notice thereof shall be given to the company and the company will defend against such proceedings, in the name and on behalf of the assured, or set-

tle the same at its own cost unless it shall elect to pay the assured the indemnity provided for in clause A of special agreements as limited therein."

"(3) The assured shall not settle any claim, except at his own cost, nor incur any expense, nor interfere in any negotiation for settlement, or in any legal proceeding without the consent of the company previously given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative. The assured when requested by the company shall aid in securing information and evidence and in effecting settlements, and in case the company calls for the attendance of any employee or employees as witnesses at inquests or in suits, the assured will secure his or their attendance, making no charge for his or their loss of time."

"(8) No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue."

As a result of a negligence action brought against the plaintiff, he has, after an unsuccessful appeal prosecuted by the defendant, paid $7,391.87. The defendant has reimbursed him to the extent of $5,000, and this action is brought to recover the whole or part of the difference of $2,391.87. I deem it necessary to consider briefly but three of the plaintiff's contentions. In addition to the $5,000 is the defendant also liable (a) for the interest on the verdict, or any part of it, from the time when the judgment thereon was rendered, (b) for the taxable costs of the suit, and for the interest on such costs, and (c) for damages or loss sustained in the form of additional interest as a result of defendant's delay in prosecuting the appeal had in the action? The determination of the first, and to an extent of the second, question, depends on the construction to be given to the policy, whether as a contract insuring against liability or against loss from liability. The authorities are conflicting. · The divergent views are well stated in two very recent cases: Sanders v. Frankfort Ins. Co., 72 N. H. 485, 57 Atl. 655, 101 Am. St. Rep. 688, and Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981. In each case the policy here involved was under consideration. In the former, reviewing practically all the authorities, the court, construing the word "defend," as used in the second clause of the general agreements of the policy, to mean "to successfully defend," held that to avoid all inconsistency between that and the eighth clause of the general agreements, providing in effect that no action should lie against the company until after payment by the assured of the judgment recovered against him, the payment of the judgment was not a condition precedent to an action on the policy. In the latter, citing practically the same authorities, the Supreme Judicial Court of Massachusetts expressly disapproves of the doctrine and reasoning of the Sanders Case, and held that no right of action arose against the insurer until payment by the assured. In other words, the Sanders Case construed the contract as one insuring against liability, while the Connolly Case construed it as one insuring against loss from liability. I follow the Connolly Case as more in consonance with the natural and reasonable meaning of the words and terms of the policy. Its criticism of the Sanders Case seems to me sound and convincing.

If, then, it is a condition precedent to the liability of the defendant that the assured must first pay the judgment, it follows that there can

be no liability in excess of the $5,000 for interest until the plaintiff had complied with the condition which made the defendant's liability complete. There is no liability for interest or anything else until the assured has paid. The amount of the loss from the accident is fixed by the whole amount paid, and, unless there is some additional obligation on the part of the defendant other than the $5,000 claim, that sum measures the extent of its liability. A distinction should be made between the cases where the total amount of the judgment, inclusive of costs and interest, is less than the stipulated limit of liability and where it is in excess of that limit. In the former case the whole satisfied judgment constitutes a loss "from common-law or statutory liability." So, too, does it in the latter case, but in that event the company has agreed to pay the loss only to the extent of the amount limited, and the question then becomes whether it is liable for any part of the excess by virtue of any special agreement or covenant in addition to the clause limiting liability. The plaintiff would find such a clause in the general agreements providing that, if any suit is brought, "the company will defend against such proceeding, in the name and on behalf of the assured, or settle the same at its own cost, unless it shall elect to pay the assured the indemnity provided for."

Under this clause the claim is made that the term "cost" includes both taxable costs and interest. Interest is apparently included on the theory that it is part of the expense of the litigation after rendition of the verdict to the final determination. It is therefore necessary merely to consider the word "cost" as used in the second clause. Even accepting the plaintiff's contention, despite the argument against it arising from the punctuation, that "cost" applies not only to the word "settle," but also to the word "defend," I am still of the opinion that the natural import of the term does not include taxable costs. To defend at its cost means to bear the burden of the litigation, to defray the expense of carrying it on. "Cost" and "costs" are not synonymous. The defendant did not obligate itself to defend the action and pay the costs. It agreed to defend the action at its cost. As was well said by Loring, J., in the Connolly Case, supra:

"The object of this second clause is plain when taken in connection with the third. It is plainly inserted as an additional obligation and privilege for the protection of the insurance company on the assumption that it is for the pecuniary interest of the company to be given the conduct of and to defend the action which is to fix its liability, and the amount to be paid when liable, rather than to leave that matter to be dealt with by the several persons insured, respectively."

It must be borne in mind that we are considering simply the additional liability under this special clause, not the conceded liability for interest and cost as part of the loss, where the amount is less than $5,000. The word "cost," as used, is not ambiguous to my mind rendering it necessary to apply any strict rule of construction against the company. Casting aside refinements, I think the understanding of the average person receiving and reading this policy of insurance would be that, in the event of having to pay a loss as the result of an accident, he would be indemnified to the extent of $5,000, and that he

would be free from the expense of conducting the defense. Statutory costs awarded to a successful party are not, strictly speaking, any part of the cost of defending the action. Taxable costs constitute part of the loss resulting from the payment of the judgment. The cost of conducting the litigation does not.

There remains to be considered whether the defendant is liable for interest on the verdict as a result of the alleged delay in prosecuting the appeal. The earliest term for which the case could be placed on the calendar was the first fall term of the Appellate Division. The appeal was argued the following June. The defendant was ready to argue the appeal in January, but, for some reason not disclosed, the case was marked off. While it does seem as if the appeal might have been expedited, I am not prepared to say that the delay was so unreasonable, as a matter of law, as to visit upon the defendant a penalty in the shape of the interest on the verdict. A successful appeal would have inured to the benefit of the plaintiff, and it does not appear that he interposed any objection to the delay, or urged the hastening of the appeal. On the whole case I think there should be judgment for the defendant.

Judgment for defendant.