SARATOGA TRAP ROCK CO. v. STANDARD ACCIDENT INS. CO.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

INSURANCE (§ 512*)—EMPLOYERS' LIABILITY INSURANCE—INTEREST PENDING APPEAL ON JUDGMENT AGAINST EMPLOYER.

Under defendant's policy to indemnify plaintiff against loss, not exceeding $5,000, by reason of liability imposed by law on plaintiff for damages on account of bodily injuries to any employé of it, defendant agreeing to defend at its own cost any action against plaintiff for an

injury to an employé, and being given absolute right of determining whether any appeal shall be taken from the judgment therein, and it being provided that action for loss under the policy shall not lie unless brought by assured for loss actually sustained and paid in money by it after actual trial of the issue, interest on a judgment for $5,000 for an employé against assured accruing pending an appeal from the judgment taken by the insurer is not recoverable of the insurer, not being part of the costs, and assured's claim not accruing till after its payment of the judgment against it, which was not till after affirmance on the appeal of such judgment.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 512.*]

Kellogg, J., dissenting.

Submission of controversy under Code Civ. Proc. §§ 1279–1281, by the Saratoga Trap Rock Company, as plaintiff, and the Standard Accident Insurance Company, as defendant.    Judgment for defendant.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

Hiram C. Todd, for plaintiff.

Neile F. Towner, for defendant.

HOUGHTON, J.    The plaintiff is a manufacturing corporation and the defendant is an indemnity insurance company.    The defendant issued to the plaintiff a policy whereby it agreed to indemnify the plaintiff "against loss by reason of liability imposed by law upon the assured for damages on account of bodily injuries" sustained by any employé through accident while prosecuting his work in the plaintiff's mill.    The defendant's liability was limited to $5,000 for injuries to or death of one person, and, in addition, all cost of litigation, together with certain first surgical aid bills.    It was further stipulated by the policy that, immediately upon the happening of an accident, written notice should be given to the company or its duly authorized agent, and, upon action being brought, the defendant should take over the defense of the suit, and that the plaintiff should not assume any liability or settle any claim or interfere with the litigation without the consent of the defendant.    If action was brought, the policy provided that:

"The (defendant) company shall have the absolute right of determining whether an appeal shall be taken from any order or judgment in such suit."

The policy further provided that:

"No action shall lie against the company to recover for any loss under this policy unless it shall be brought by the assured for loss actually sustained and paid in money by him after actual trial of the issue."

One of the plaintiff's employés was injured in its mill and brought suit against it, and the defendant took over the defense, and a verdict of $5,000 was rendered upon which judgment was entered, with costs.    The defendant appealed and the judgment was affirmed, and the defendant paid $5,000 towards satisfying the judgment, besides all costs, but refused to pay $275 interest which had accumulated upon the judgment pending the appeal, on the ground that its liability under the policy was limited to $5,000 and the cost of the litigation.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The facts are stipulated, and the question for determination is whether the plaintiff is entitled as matter of law to recover from the defendant the interest on the judgment which it was compelled to pay.

The plaintiff urges that the verdict and judgment being no greater than the limit of the defendant's liability, the appeal which it insisted upon taking was for its own benefit, and therefore it should pay the interest which accumulated pending its unsuccessful efforts to relieve itself from ultimate liability, and that any contrary construction of the provisions of the policy would render it nugatory because the accumulating interest would be constantly eating away the agreed indemnity, and the interest might eventually amount to as much as the indemnity itself.

The defendant insists that the contract limited its liability to the specific sum of $5,000 and gave to it the express right of appeal, and that whether the accumulating interest amounted to much or little during its exercise of that right it can be made to pay only the sum which was agreed, and that no cause of action existed in favor of the assured until it had paid the judgment which was entered against it, which was not done until after the interest complained of had accumulated.

There are but two decisions in this state having any bearing upon the question to which counsel have called our attention or which we have been able to find. One is that of Munro v. Maryland Casualty Co., 48 Misc. Rep. 183, 96 N. Y. Supp. 705, where the nonliability of the insuring company for accumulated interest was placed upon the ground that the delay in appealing had not been unreasonable. The other is Creem v. Fidelity & Casualty Co., 141 App. Div. 493, 126 N. Y. Supp. 555, where a judgment charging the insuring company with interest upon the judgment rendered was affirmed; the question of its nonliability not being raised. The significance of the latter decision lies only in the fact that counsel for the insuring company conceded liability for interest accumulating pending an appeal by not challenging the correctness of its allowance. It is very doubtful whether the reasonableness or the unreasonableness of delay in prosecuting the appeal is of any importance in determining the liability of the insuring company for interest, at least in a pure action at law, and we prefer placing our decision upon the plain terms of the policy and the legal obligations which follow them. Clearly the interest which accumulated on the judgment pending the appeal cannot be said to be any part of the cost of defense of the action which the insuring company agreed to pay. The agreement of the defendant was that in case action was brought it would "at its own cost defend such suit" in the assured's name.

While the accumulation of interest was an incident to the appeal, it was not a part of the cost of appeal or of the taxable costs or of the defense of the action. There is no claim in the present case that there was any express promise to pay interest. The general rule is that, in the absence of an agreement to pay interest, it is implied by law as damages for not discharging a debt when it ought to be paid. Ledyard v. Bull, 119 N. Y. 62, 74, 23 N. E. 444. Where a contract

provides for the payment of money upon the happening of an event, it is not due until the event transpires, and interest does not begin to run until that time. Howard v. Johnston, 82 N. Y. 271. The contract embraced in the policy which the defendant issued to the plaintiff is one of indemnity merely. It is not an agreement to save harmless or to pay when liability shall be established. If the first part of the agreement was not qualified by a subsequent clause, and if the only provision contained in the policy was that the insuring company would indemnify the assured against loss by reason of liability because of an accident happening to its servant, obligation to pay would arise when judgment determining liability was entered against the assured (Stephens v. Pennsylvania Casualty Co., 135 Mich. 189, 97 N. W. 686), and whatever interest accrued in an ineffectual effort to get rid of the judgment the insuring company would be bound to pay. But this broad part of the agreement is qualified by a subsequent provision of the policy that no action shall lie against the company to recover for any loss under the policy, unless it shall be brought by the assured for "loss actually sustained and paid in money after actual trial of the issue." This clause is a substantive part of the policy, and has the effect of changing the policy from one of indemnity when liability shall be established to one for indemnity for money paid out on the occurrence of a particular event, to wit, payment of the judgment obtained because of such liability. The parties agreed, therefore, that the insuring company would indemnify the assured to the extent of $5,000, not because of the establishing of liability, but from loss for money actually paid out on account of liability. Hence the assured had no claim against the insuring company until it had paid the judgment which was rendered against it. When it had paid such judgment, and only after it had done so, did it have the right to call upon the insurer to indemnify it to the extent of $5,000.

Such interpretation of the policy is not only in accordance with the reading of its plain terms, but accords with that given to like terms contained in similar policies by many of the courts of other states. Kennedy v. Fidelity & Casualty Co., 100 Minn. 1, 110 N. W. 97, 9 L. R. A. (N. S.) 478, 117 Am. St. Rep. 658; Frye v. Gas & Electric Co., 97 Me. 241, 54 Atl. 395, 59 L. R. A. 444, 94 Am. St. Rep. 500; Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981; Carter v. Ætna Life Ins. Co., 78 Kan. 275, 91 Pac. 178, 11 L. R. A. (N. S.) 1155; Stenbom v. Brown-Corliss Engine Co., 137 Wis. 564, 119 N. W. 308, 20 L. R. A. (N. S.) 956; Cushman v. Fuel Co., 122 Iowa, 656, 98 N. W. 509; Allen v. Ætna Life Ins. Co., 145 Fed. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958. In all the above cases it was held that payment of the judgment which the employé obtained against the assured was a condition precedent to a right of action against the insuring company, and that no cause of action existed until the judgment was so paid. Some of the decisions involved garnishment proceedings and relief was denied on the express ground that, the judgment against the assured not having been paid by him, no claim or cause of action existed in his favor against the insuring company which could be impounded. This being so, of course, interest could not commence until the assured had paid the judgment.

A holding giving a like construction to the policy was made in our own state in Beyer v. International Aluminum Co., 115 App. Div. 853, 101 N. Y. Supp. 83, where the employé had obtained a judgment against the assured, which had become insolvent, and by an action in equity sought to compel the insuring company to pay to him the amount of his judgment which was within the limit of liability. The policy contained a like clause to that in the case at bar, to the effect that no action should lie against the company to recover for any loss "unless it shall be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issue." It was held that the judgment creditor had no cause of action, and that he could not reach the fund, and that the judgment debtor had no cause of action against the insurer because it had not paid the judgment.

In Beacon Lamp Co. v. Travelers' Ins. Co., 61 N. J. Eq. 59, 47 Atl. 579, upon which the plaintiff relies, the assured was declared a bankrupt on the day the employé recovered a judgment for more than the limit of liability. Without paying the judgment, the trustee in bankruptcy brought action in equity against the insurance company, and the judgment creditor intervened and asked to have her judgment paid. The policy contained the same clause as the one under consideration but the Vice Chancellor ignored it, and held that the judgment creditor had the right to have her judgment paid to the extent of the prescribed limit. On appeal (Travelers' Insurance Co. v. Moses, 63 N. J. Eq. 260, 49 Atl. 720, 92 Am. St. Rep. 663) the Court of Errors expressly repudiated this holding, but held that the act of bankruptcy and the turning over of all property for the payment of debts was a payment pro tanto of the judgment, and to that extent the judgment creditor through the trustee in bankruptcy might recover. Upon the particular point involved at bar the New Jersey case does not differ from the others cited, but in its ultimate holding it is opposed to our own decision of Beyer v. International Aluminum Co., supra.

Through a different method of reasoning it was held in Davison v. Maryland Casualty Co., 197 Mass. 167, 83 N. E. 407, and in Maryland Casualty Co. v. Omaha Electric L. & P. Co., 157 Fed. 514, 85 C. C. A. 106, and in National & Providence Worsted Mills v. Frankfort Insurance Co., 28 R. I. 126, 66 Atl. 58, that the insuring company was only liable for the amount stipulated by its policy, and that it could not be compelled to pay interest accumulating on a judgment during pendency of appeals where the aggregate amount exceeded such limit.

On the other hand, it was held in Paper Co. v. Casualty Co., 92 Me. 574, 43 Atl. 503, and in Cudahy Packing Co. v. New Amsterdam Casualty Co. (C. C.) 132 Fed. 623, that the insuring company was liable for interest upon the judgment obtained against the assured notwithstanding it exceeded the stipulated amount. These holdings appear to have been made without particular consideration, and are criticised in some of the other cases cited, and cannot be deemed to be controlling.

While it seems inequitable to compel the plaintiff to pay the interest on the judgment accruing while the defendant was engaged in an

ineffectual attempt to relieve itself from liability, the answer to it is that the parties otherwise agreed. By its agreement the plaintiff deprived itself of all right to interfere in the litigation, and could not compel payment from the insuring company until it had itself paid the judgment, and could not pay the judgment, except at its own peril, as long as the defendant desired to appeal. The cause of action did not arise against the defendant when judgment was entered against the assured, but only on payment of the judgment after the insuring company had done what it chose respecting an appeal. Interest therefore did not begin to run when judgment was entered, but only when the judgment was paid.

It follows that, judgment must be directed in favor of the defendant. with costs. All concur, except KELLOGG, J., dissenting in opinion.

JOHN M. KELLOGG, J. (dissenting). By its policy the defendant agreed "to indemnify the assured * * * against loss by reason of the liability imposed by law upon the assured for damages on account of bodily injury," etc. The policy provided: "The company's liability for an accident resulting in injuries to or in the death of one person is limited to five thousand dollars"; that the assured shall not voluntarily assume any liability, or settle any claim, except at its own cost, shall not interfere with negotiations for settlement, or with legal proceedings, and "that no action shall lie against the company to recover for any loss under this policy, unless it shall be brought by the assured for loss actually sustained and paid in money by him after actual trial of the issue," and that the assured will immediately deliver any paper, process, or summons served upon it to the company, "and the company will, at its own cost, defend against such suit in his name and on behalf, or settle the same. The company shall have the absolute right of determining whether an appeal shall be taken from any order or judgment in such suit."

The defendant, an accident insurance company formed to carry on that business, was insuring the plaintiff on account of accidents which might happen in its business to its employés. The policy was written by it. It had the choice of language in stating the contract, and its language may be construed strictly against it. Schumacher v. Great Eastern G. & I. Co., 197 N. Y. 58, 64, 90 N. E. 353, 27 L. R. A. (N. S.) 480. In that case Schumacher was insured against the effect of bodily injuries "caused directly and independently of all other causes by external, violent and accidental means," etc. In the policy was a provision that:

"For loss of life only resulting wholly or in part from sunstroke, freezing, septicæmia, hydrophobia or the involuntary or unconscious inhalation of gas or other poisonous vapor, the company will pay one-half of the principal sum provided in Schedule A."

Schumacher died from septicæmia, which, however, was not the effect of bodily injury caused by external, violent, or accidental means, and it was claimed the company was not liable on this accident insurance policy. The court held that the clause quoted was a separate, independent provision in the policy, and might be enforced as such

without regard to the other provisions of the policy; the defendant itself having inserted that language in the policy.

We need not go into an extended discussion of the various provisions of the policy in question. We find in it a separate independent clause, providing what the rights and liabilities shall be in case the assured is sued on account of an accident. The policy provides that the assured shall not settle or litigate, but must turn the summons over to the insurer, which at its own cost will defend against the suit, or settle the same. The words "at its own cost" attach themselves as much to the words "or settle the same" as to the words "defend against the suit," so that we have the absolute agreement of the company to defend against any suit at its own cost, or to settle the suit at its own cost. An insurer does not at his own cost defend against a suit merely by employing lawyers, procuring the attendance of witnesses and then leaving the assured to pay the judgment which may follow and leaving it to another action against the insurer for reimbursement. When the company agreed to defend against a suit or settle the same at its own cost, the agreement is broken if the assured is compelled to pay the judgment. The language in question casts the duty of payment upon the insurer, and after the summons is delivered to it it assumes all responsibility with reference to the suit, with the sole proviso that the limit of its liability on account of the damages to one person shall not exceed $5,000. The damages were liquidated in this case at just $5,000, and therefore, as between these parties, the plaintiff was absolved from all responsibility with reference to the lawsuit or judgment. It was between them virtually a judgment against this defendant. When the judgment was recovered, it merged the original cause of action, and the liability thereafter rested upon the judgment itself and not upon the cause of action upon which it was founded. The interest in question is awarded by law as damages for nonpayment of money when due. Steiner v. Fourth Presbyterian Church, 17 App. Div. 500, 45 N. Y. Supp. 524.

It would therefore be unjust to charge upon the plaintiff the damages which the law has imposed on account of the delay and the neglect of the defendant. The interest in question does not represent any liability on account of or for the accident or the policy, but is a liability imposed by law for the delay of the defendant in paying the judgment which, as between the parties, it was legally obligated to pay. The interest therefore is the obligation of the defendant, and not of the plaintiff, and the plaintiff having been compelled to pay the same, is entitled to recover it without reference to the terms of the policy other than that the judgment was to be paid by the defendant.

The cases cited against these views give too much attention to the provision that the assured shall not recover in a lawsuit against the insurer except for money actually paid. They overlook the real object of the contract. In effecting insurance the plaintiff was not purchasing a lawsuit but indemnity. It was paying in advance for such accidents as might happen to it, and such accidents the defendant, for the premiums paid, agreed to defend against or settle at its

own cost, but, as an additional precaution, it provided that it should only be liable in a lawsuit to the insured, and for money actually paid by the insured, thus making it clear that the injured person could not recover against it, and rendered it impossible for the insured to make a collusive settlement with its employé to the detriment of the insurer. But that provision is merely incidental, and is of importance only after the company has made a breach of its agreement, at its own cost to settle the cause of action or defend against any suit. If the insurer fully performed its agreement, then this clause about a lawsuit was entirely immaterial. It was only inserted to regulate the rights of the contractors, not as parties to the contract, but as parties to a lawsuit which might follow the breach of the contract by the defendant.

We have seen that the policy contemplates that the assured shall practically remain passive after the accident, shall not settle or interfere with any settlement or litigation. Upon this subject, we find the two provisions: First, that it shall not voluntarily assume any liability or settle any claim except at its own expense; and, second, that it shall not recover any money until the liability has been fixed after a trial of the issues. Perhaps, under this provision, it would only be safe for it to pay at the end of an execution. An agreement between these parties which contemplated that no claim, no matter how just, should be paid until it was reduced to judgment, and then at the end of an execution might be against public policy and of doubtful validity. It cannot be that the plaintiff divested itself of all power to settle and pay just claims unless such duty was placed by the instrument upon another. These provisions give force to the agreement that the company is to defend against or settle actions at its own cost. In effect the policy put the insurer in the place of the insured as the party to negotiate, to settle, to litigate, to pay. The insurer is the only person who has the right, and consequently the duty, of ascertaining the validity of the claim, and of making the proper adjustment of it and of litigating it if to it it seems unjust or unreasonable, or if for any reason it deems it for its interest so to do. The parties clearly contemplated that every just claim should be properly and promptly met, and have fixed upon the insurer as the only person to take care of such claim.

I think, therefore, that the interest in question is no part of the liability for or on account of the accident within the limitation of the policy, and is a charge arising from the defendant's own act, for which as between the parties it is solely responsible.

I favor judgment for plaintiff for the amount claimed, with costs.