## LIMITATION OF RECOVERY FOR INJURIES GROWING OUT OF AN AUTOMOBILE ACCIDENT.

Common Pleas Court of Hamilton County.

### WALTER L. KLEIN ET AL v. THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD.

Decided, February 1, 1917.

*Insurance Against Accident—Indemnity to an Insured' for Causing Bodily Injuries or Death—Does Not Cover Injuries of the Character Sustained by a Husband—By Reason of Bodily Injuries Sustained by His Wife When Struck by the Automobile of the Insured—Interest on Judgment Recovered—Expenses Incurred by Insured Including Cost of Trial.*

1. An insurance policy, indemnifying the assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death therefrom, accidentally suffered by any person or persons by use of an automobile named in the schedule of the policy, containing the condition that, "The corporation's liability on account of an accident resulting in such injuries to one person, including death, is limited to five thousand dollars ($5,000), and subject to the same limit for each person, the corporation's total liability on account of any one accident result-

ing in injuries to more than one person, including death, is limited to ten thousand dollars ($10,000)," limits the liability of the company to $5,000, where the wife has sustained bodily injuries and has recovered a verdict of $5,000, and the assured, who was called upon to pay a judgment of $4,000, recovered against him by the husband of the wife for medical services and loss of wife's services, can not recover under the ten thousand dollar clause in such policy. The word "injuries" under the ten thousand dollar clause refers to "bodily injuries," and the loss of services sustained by a husband, although "injuries," in the general sense of the word, are not such injuries as are contemplated by the word as used in the policy sued upon.

2. The liability of the company for judgment recovered against the assured is limited to $5,000, and by the weight of authority interest on such judgment pending error proceedings can not be recovered by the assured.

3. The company is liable for all expenses resulting from claims upon the assured on account of bodily injuries, and the costs of a second trial incurred by the assured must be borne by the company where the company did not in fact pay the full amount of its liability as ascertained by previous judgments.

*Kramer & Bettman*, for plaintiffs.
*Worthington, Strong & Stettinius*, contra.

MAY, J.

Opinion overruling motions for new trial.

The plaintiffs in this case were the executors of the estate of Samuel Klein, who was the assured in a policy issued by the Employers' Liability Assurance Corporation of London, England. By the terms of that policy the corporation agreed to indemnify the assured against loss from liability imposed by law upon the assured for damages on account of bodily injuries suffered by any person or persons by means of the maintenance or use of any automobiles named in the schedule of the policy, subject to the following conditions:

"Condition A: The corporation's liability on account of an accident resulting in such injuries to one person, including death, is limited to five thousand dollars ($5,000), and subject to the same limit for each person, the corporation's total liability on account of any one accident resulting in injuries to

more than one person, including death, is limited to ten thousand dollars ($10,000).''

The policy also provided that the company would pay all expenses resulting from claims made upon the assured on account of bodily injuries. And in condition E of the policy it was provided:

''No action shall lie against the corporation to recover for any loss or expense under this policy unless it shall be brought by the assured, for loss or expense incurred and paid in money by the assured, after trial of the issues.''

During the lifetime of Samuel Klein and while the policy was in full force and effect, Samuel Klein's automobile injured Jennie Goldstein. Two suits were immediately begun against Samuel Klein, one in the common pleas court, numbered 145156, by Daniel Goldstein, for medical expenses and loss of services, and one for $35,000 in the superior court, numbered 54664, by Jennie Goldstein, for personal injuries. The corporation defended both suits. In the common pleas court Daniel Goldstein recovered a judgment for $4,000, and in the superior court Jennie Goldstein recovered a judgment for $12,000. Error was prosecuted in both cases. The Supreme Court affirmed the Daniel Goldstein $4,000 judgment and reversed the Jennie Goldstein $12,000 judgment. At the time of the reversal, the judgment of Daniel Goldstein against Klein, with interest, amounted to more than $5,000, and the company offered to pay this amount to the executors of Klein, who had died pending the error proceedings in the Supreme Court. The company, however, did not comply with condition D of its policy, namely, elect to settle the same or to pay the assured the indemnity provided for in condition A thereof, in which case the corporation shall not be liable for any further expenses after such payment shall have been made.

The attorneys for the executors notified the company that they would look to the company for expenses incurred in the second trial of the Jennie Goldstein case. Upon the second trial of that case Jennie Goldstein recovered a $5,000 judgment.

On April 28, 1915, Samuel Klein's executors paid both the Daniel Goldstein judgment, which at that time amounted to $5,098, and the Jennie Goldstein judgment, which at that time amounted to $5,057.48, and $220.09 court costs in the Daniel Goldstein case, and $144.55 court costs in the Jennie Goldstein case, and $87 expenses incurred for medical experts and stenographers's fees in the second trial of the Jennie Goldstein case, and in this action are now seeking to recover from the defendant corporation, under the policy, $10,597.12.

The defendant corporation in its answer sets up the conditions of the policy and disclaims any liability beyond $5,000, the amount stipulated in the policy, and the court costs in the Daniel Goldstein case and the first Jennie Goldstein case, and on July 30, 1915, the corporation made a formal offer to the plaintiff to confess judgment for $5,670 and all costs in this suit incurred to date.

The main question in this case is the construction of the policy.

Counsel for the executors urge with much conviction that under the condition of the policy Klein was entitled to recover $10,000, because he was called upon to pay, not only the judgment for bodily injuries sustained by Jennie Goldstein, but for medical expenses and loss of service, for which Daniel Goldstein obtained a judgment against him in the common pleas court.

The theory of counsel for the executors is that loss of service is such an injury to Daniel Goldstein, that it is within the $10,000 clause of the policy.

Many cases are cited by counsel for plaintiffs to the effect that in the construction of insurance policies the court should strongly construe the policy against the insurer because he has prepared the policy.

There is no doubt whatsoever that the principle of law laid down by the Supreme Court of Michigan, in the case of *Utter* v. *Insurance Company*, 65 Mich., 545:

"When a stipulation or exception to a policy of insurance, emanating from the insurers, is capable of two meanings, the one is to be adopted most favorable to the insured,"

is the general rule of law and is the one followed by all courts in the construction of insurance policies. *May on Insurance,* Sections 174 and 175.

There is also no doubt of the principle contended for by counsel for plaintiff that loss of service of a wife, because of bodily injuries sustained because of the negligence of another, is an injury to the husband for which he may maintain an action. *Mewhirter* v. *Hatton,* 42 Iowa, 288, at 291.

Conceding, for the purpose of argument, that a policy of insurance must be given the most reasonable construction possible and must be construed so as to give the assured a right of action under the policy, provided such construction does not do violence to the policy, can it be said that the policy sued upon in this case bears such a construction?

In the body of the policy the assured is indemnified against loss from liability imposed by law upon the assured for damages on account of bodily injuries. In condition A, where the word "injuries" is used limiting the liability to $5,000, it is preceded by the word "such." This necessarily must refer to "bodily injuries," mentioned in the main body of the policy, and in the clause following condition A, where the word "injuries" is used, it is qualified by the word "bodily."

Counsel for plaintiffs, however, contend, because the word "bodily" is omitted from the second part of condition A, "and subject to the same limit for each person, the corporation's total liability on account of any one accident resulting in injuries to more than one person, including death, is limited to ten thousand dollars ($10,000)," that it will not be doing violence to the construction of the policy by holding that "injuries," as used in this part of the condition, means injuries sustained by the husband of one who has sustained bodily injuries; in other words, that the policy means that in the event one person receives bodily injury, and if the husband of such person recovers damages against the assured, and if the judgments for the personal injury to the wife and the consequential injury to the husband exceed $5,000, the company is liable up to $10,000.

No case has been cited to me bearing out such a construction and I have been unable to find any case either directly or indirectly sustaining such a contention.

In my opinion, the word "injuries," as used in the $10,000 part of condition A, means "bodily injuries," and inasmuch as Daniel Goldstein did not sustain any bodily injuries, and inasmuch as Jennie Goldstein's judgment for $5,000 exhausts the liability of the company under condition A, the plaintiffs can not recover in excess of that amount. To hold otherwise would be doing violence in the construction of the policy and would be unreasonable.

The defendant claims that the court should correct the verdict of the jury as far as the question of costs in the second Jennie Goldstein trial and interest on that judgment are concerned.

In reference to the question of costs in the second trial and expenses incurred in that trial, I do not think the verdict should be corrected. There is no evidence supporting the contention of the defendant that the plaintiffs' counsel agreed to defend the second suit without any expense to the defendant corporation. On the contrary, the evidence clearly shows that there was no meeting of minds on this proposition and that the plaintiffs' attorneys insisted throughout that the defendant corporation must bear the expenses of that trial.

As to the $57.48 interest, which was allowed in addition to the $5,000 judgment, I am of the opinion that the contention of counsel for the defendant is well taken. The weight of authority in this country on policies of this kind limit the recovery to the face amount of the policy and all necessary expenses incurred in the defense of the claim made upon the assured. Interest is not considered part of such expense.

The cases cited by counsel for defendant sustaining this view are: *Maryland Casualty Co.* v. *Omaha Electric L. & P. Co.*, 157 Fed., 514; *Davison* v. *Maryland Casualty Co.*, 197 Mass., 167; *Monroe* v. *Maryland Casualty Co.*, 96 N. Y. Supp., 705.

The leading case to the contrary cited by counsel for plaintiffs is the case of *Aetna Life Ins. Co.* v. *Bowling Green Gaslight Co.*, 150 Ky., 732. But as this case is against the weight

of authority, I do not think it should be followed.   This latter case is also reported in 43 L. R. A. (N. S.), 1128, where all the cases to the contrary are cited.

Counsel for defendant also claim that inasmuch as on July 30, 1915, they offered to confess judgment for $5,670, that the costs in this case incurred after that date should be charged against the plaintiffs.

If it should be ascertained that the amount due the plaintiffs under this opinion was less than $5,670 on the 30th of July, 1915, of course, the plaintiffs can not recover any costs after that date.

The amount of interest, $57.48, with interest from April 28, 1915, to the 1st day of January, 1917, may be deducted from the verdict, and judgment for the balance may be entered against the defendant corporation, the question of costs to be ascertained as above indicated.

The motions of both plaintiffs and defendant for a new trial are accordingly overruled.