ROBERT GAIR COMPANY, Plaintiff, *v.* THE TRAVELERS' INSURANCE COMPANY OF HARTFORD, CONN., Defendant.

(Supreme Court, Kings Special Term, December, 1919.)

Insurance   (indemnity) — provisions   of   policy — damages — appeal — judgments — actions — negligence — trial — interest — costs — when complaint dismissed.

A condition in a policy against loss by reason of liability imposed by law upon the insured for damages on account of bodily injuries, including death resulting therefrom, that no action by the assured upon the policy shall lie unless for a " loss actually sustained and paid in money by him after actual trial of the issue " is a substantive part of the contract, and has the effect of changing the policy from one of indemnity when liability shall be established, to one of indemnity for

money paid in payment of the judgment obtained because of such liability.

The term " cost " in a provision of the policy, that the insurer would defend an action brought against the insured, " at its own cost," does not include " interest."

In an action to recover damages for causing death by wrongful act, tried four times, the plaintiff on the first trial had a verdict for $5,000, and judgment was entered for $6,454.60; on the second trial the verdict was for $5,500, and the judgment was $7,175.10; on the third trial the verdict was for $15,000, and the judgment for $21,973.30. The fourth trial resulted in a verdict for $8,500, and the judgment of $12,910.10 entered thereon was affirmed by the Appellate Division and in the Court of Appeals with an additional judgment for costs in each of the appellate courts. Upon payment by the defendant in that action to the plaintiff therein of $14,949.17 in satisfaction of the judgments entered on the verdict, and upon the two appeals, the defendant in the present action paid to the plaintiff herein, who was the defendant in the other action, $6,167.63, which included $5,000, the sum named in the policy of indemnity insurance issued by defendant herein to plaintiff herein as the limit of liability, interest thereon from the date of the judgment sustained on appeal, the two judgments on appeal and interest from the date of entry thereof. In this action brought to recover interest on $5,000 from the date of the death for which recovery was had in the original action, less the amount of interest which the defendant had paid, the complaint will be dismissed.

Where the decisions of the courts of sister states are conflicting, and an appellate court in this state disapproves of one class of such decisions and cleaves to the other, a court of first instance here will accept the adjudication of its own state.

ACTION upon a policy of insurance.

Andrew F. Van Thun, Jr., for plaintiff.

William J. Moran, for defendant.

KETCHAM, J. The plaintiff, once a defendant in an action to recover from it damages for negligence in

causing death, now brings the present action upon a policy of insurance, by which the defendant agreed to indemnify the plaintiff against loss by reason of any liability imposed by law upon the plaintiff for damages on account of bodily injuries, including death, resulting therefrom.

The original action against this plaintiff was defended by the insurance company in accordance with its contract of indemnity, and it is conceded that in such defense, though greatly protracted, the insurance company fulfilled all the conditions of the contract on its part to be performed, without any default or failure of duty.

The negligence action was tried four times. On the first trial the verdict was for $5,000, and the judgment was for $6,454.60. On the second trial the verdict was for $5,500, and the judgment was for $7,175.10. On the third trial the verdict was for $15,000, and the judgment was for $21,973.30. Each of these three judgments was reversed by the Appellate Division, and a new trial was ordered.

On the fourth trial the verdict was for $8,500, and the judgment was for $12,910.10.

This last judgment was affirmed by the Appellate Division and by the Court of Appeals, and with an additional judgment for costs in each appellate court.

On June 22, 1918, the plaintiff in this action paid to the plaintiff in the former action $14,949.17, in satisfaction of the judgments entered upon the verdict, and upon the two appeals.

The defendant in this action thereupon paid to this plaintiff $6,167.63. This payment included $5,000, the sum named in the policy as the limit of liability, interest thereon from the date of the judgment sustained on appeal, the two judgments on appeal and interest thereon from the date of entry thereof.

The claim in this action is for interest on the sum of $5,000 from the date of the death for which recovery was had in the original action, less the amount of interest which the defendant has paid.

The portions of the policy which are quoted as material by the parties are as follows:

The insurer, " does hereby agree to indemnify * * * the Assured, against loss by reason of the liability imposed by law upon the Assured for damages on account of bodily injuries, including death resulting therefrom * * *.

" This insurance is subject to the following conditions:. A. The Company's liability on account of an accident resulting in such injuries to one person (including death) is limited to $5000 * * *.

" F. The Assured, upon the occurrence of an accident, shall give immediate written notice thereof, to the Company * * * with the fullest information obtainable. He shall give like notice, with full particulars, of any claim made on account of such accident, and if thereafter any suit, even if groundless, is brought against the Assured to recover damages on account of such injuries as are covered by this policy, the Assured shall immediately forward to the Company every summons or other process served on him, and the Company will, at its own cost, defend against such suit in the name and on behalf of the Assured, or settle the same, unless it shall elect to pay to the Assured the indemnity provided for in Paragraph A.

" G. The Assured shall not voluntarily assume any liability or settle any claim except at his own cost, nor incur any expense, nor interfere in any negotiation for settlement or legal proceeding without the consent of the Company previously given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative * * *

" J. No action shall lie against the Company to recover for any loss under this policy unless it shall be brought by the Assured himself for loss actually sustained and paid in money by him in satisfaction of a judgment after trial of the issue; nor unless such action is brought within ninety days after final judgment against him has been satisfied."

This action seems to be within the control of the decisions in *Saratoga Trap Rock Co.* v. *Standard Accident Ins. Co.*, 143 App. Div. 852, and *Brewster* v. *Empire State Surety Co.*, 145 id. 678. In the case first cited, the terms of the contract of indemnity were the same as in the case at bar; while in the second case, it is said that " the facts were very similar to " the case in 143 Appellate Division.

In *Saratoga Trap Rock Co.* v. *Standard Accident Insurance Co., supra,* it is held, with full citation of authority from other states, that the broad part of the agreement to indemnify the assured against loss by reason of liability, was qualified by the subsequent provision of the policy,— that no action shall lie against the company to recover for any loss under the policy unless it shall be brought by the assured for " loss actually sustained and paid in money by him after actual trial of the issue."

The prevailing opinion proceeds, " This clause (the second) is a substantive part of the policy and has the effect of changing the policy from one of indemnity when liability shall be established to one for indemnity for money paid out on the occurrence of a particular event, to wit, payment of the judgment obtained because of such liability. The parties agreed, therefore, that the insuring company would indemnify the assured to the extent of $5,000."

The decision was that the insurer was not liable for

interest accrued pending the unsuccessful appeal which the defendant prosecuted.

There are decisions in other states which do not accord with the views expressed in the case last cited, *supra,* while there are many others which distinctly support these views.

When an appellate court in this state, after solicitous consideration and contrast of the foreign decisions which are in conflict, disapproves one class of decisions and cleaves to the other, it generally remains only for a court of first instance to accept the adjudication of its own state.

In an earlier case, Mr. Justice Leventritt, upon a contract copiously quoted in his opinion, and of same tenor with the policy in suit, makes it plain that the agreement of indemnity is not against liability, but it is against only loss from liability, and that there can be no loss, and therefore no starting point, for the accrual of interest, until the judgment which is the subject of indemnity is paid. *Munro* v. *Maryland Casualty Co.,* 48 Misc. Rep. 183.

It has been argued by the plaintiff, with force and truth, that the limitation of the defendant's liability to the flat amount named in the policy is harsh in its operation in this particular case, but this consideration is rejected by Mr. Justice Houghton, in the *Saratoga Trap Rock Co. Case, supra:* " While it seems inequitable to compel the plaintiff to pay the interest on the judgment accruing while the defendant was engaged in an ineffectual attempt to relieve itself from liability, the answer to it is that the parties otherwise agreed. By its agreement the plaintiff deprived itself of all right to interfere in the litigation and could not compel payment from the insuring company until it had itself paid the judgment, and could not pay the

judgment except at its own peril as long as the defendant desired to appeal.''

The plaintiff seeks to distinguish the case of *Saratoga Trap Rock Co., supra,* because there the contract of indemnity was made applicable to a loss resulting from negligence which was not fatal, while in the case at bar the negligence resulted in death.

It is not conceived that the construction of the contract can be affected by reference to the extent or nature of the loss against which the assured was indemnified.

In the agreement of the insurer to defend, '' at its own cost,'' it was not contemplated that the term '' cost '' included interest. *Munro* v. *Maryland Casualty Co.,* 48 Misc. Rep. 183–187.

The complaint must be dismissed.

Complaint dismissed.