AUGUST H. MILLER, Plaintiff, v. UNITED STATES CASUALTY COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, April 29, 1930.

*Harry A. Gair*, for the plaintiff.

*William Butler*, for the defendant.

LEWIS, J.  This case comes before me on an agreed statement of facts which may be briefly stated as follows: On February 26, 1925, one Joseph Voroba held a policy of insurance duly issued by the defendant and then in full force and effect, indemnifying the assured against certain loss.  The policy by its terms restricted the liability of the company to the sum of $5,000 by reason of injury to one person.  It contained the other usual provisions giving the company the right to defend all suits and providing that "All expenses (legal and otherwise) incurred by the Company in defending such suit and all court costs assessed against the Assured shall be paid by the Company (whether the verdict is for or against the Assured) regardless of the limits of liability expressed in Condition M."

On July 5, 1927, a judgment was duly entered for $7,643.50.  An appeal was taken therefrom to the Appellate Division, Second Department, which unanimously affirmed the said judgment, and a judgment of affirmance and for costs thereof was duly entered on April 17, 1928, for $112.60.  Thereafter leave was obtained from the Court of Appeals to appeal thereto, and appeal was duly taken to the said court, which thereafter unanimously affirmed the said judgment.

On December 8, 1928, the defendant paid on account of the judgment of July 5, 1927, the sum of $5,143.50, together with $112.60, the costs of the Appellate Division and the costs in the Court of Appeals.

The defendant defends on the ground that under the policy of insurance issued by it, it is not responsible for the interest which accrued on the principal sum of $5,000 and for the interest on the amount of costs in the Appellate Division.  The defendant contends that its sole liability to the plaintiff was for the principal sum of $5,000, and costs incurred by reason of the defense.

This case presents the identical question previously passed upon by me on a motion to dismiss the complaint.

Upon reviewing the question, my original opinion of the law is confirmed.  At this time it might be reiterated that the policy involved is one: " 2. To indemnify the assured designated in the

said schedule against loss arising or resulting from claims upon the assured for damages on account of bodily injuries."

Unlike the policy presented in other instances I do not find any provision in this policy requiring the assured to pay the loss as a condition precedent to the right to institute suit upon the policy. Here we have rather a policy of indemnity than an agreement to reimburse the assured for losses actually paid by him.

Upon the rendition of the judgment for $7,500 against the assured, " loss arising or resulting from claims " was sustained by the assured, within the meaning and purview of this policy.

The fact that the policy indemnified the assured against loss arising out of a liability does not alter the situation.

" The contract was to indemnify against loss from liability. The loss was not sustained within the meaning of the contract *until the liability was established by a judgment."* (*Creem* v. *Fidelity & Casualty Co.*, 141 App. Div. 493, at p. 498.)

In other words, when " the liability was established by a judgment," the happening of that event upon which was the obligation of the defendant to pay, thereby occurred. The situation is tersely stated in one of the cases as follows: " If the only provision contained in the policy was that the insuring company would indemnify the assured *against loss by reason of liability* because of an accident happening to its servant, *obligation to pay would arise when judgment determining liability was entered against the assured."* (*Saratoga Trap Rock Co.* v. *Standard Accident & Insurance Co.*, 143 App. Div. 852, at p. 855.)

Though the decisions in other States draw a nice distinction between contracts indemnifying one against liability for damages and contracts merely indemnifying one against damages, this court regards itself relieved of this refinement by the later decisions in this State, which are binding upon us.

" When an appellate court in this State, after solicitous consideration and contrast of the foreign decisions which are in conflict, disapproves one class of decisions and cleaves to the other, it generally remains only for a court of the first instance to accept the adjudication of its own State." (*Gair Co.* v. *Travelers' Insurance Company*, 109 Misc. 499, 504.)

It is needless at this time to repeat other reasons for my conclusions set forth in the prior decision rendered by me upon the motion to dismiss the complaint.

Judgment for the plaintiff for $441.90. Five days' stay.

Opinion of Mr. Justice Lewis rendered on motion to dismiss the complaint:

The liability of the defendant is necessarily limited to the pro-

visions of its policy, the plaintiff practically standing in the position of the assured so far as any claim is concerned. The policy in the instant case indemnified the assured against loss. The blanks in condition (M) of the copy of the policy submitted to the court have not been filled in, but presumably this paragraph limited the liability of the company for loss to the sum of $5,000. The court's attention has not been attracted to any provision in this policy which required that the assued shall first pay any loss. In the citations submitted, the courts have laid stress upon the fact that there was no liability on the part of the company for interest or anything else until the assured had paid the claim. Based of course upon such a proposition, the company could not be chargeable with interest except from the date when its liability to reimburse the assured commenced. In the case at bar its liability under its policy of indemnity was established at the time when the loss was determined. Any stay or postponement of the satisfaction of this loss did not inure to the assured for he was not required to pay as a condition precedent to his indemnity. Hence it would follow the company was permitted to retain the use of the $5,000 which otherwise would have been paid out by it. In terms of law, the value of such use would be equal to the accrued interest. Motion denied. (See *Saratoga Trap Rock Co.* v. *Standard Accident & Ins. Co.*, 143 App. Div. 852, at p. 855; *Munroe* v. *Maryland Casualty Co.*, 48 Misc. 183.)