### CONKLIN v. THURSTON and Others.

Where no judgment, in any form, can be rendered against a party to the record, such party is generally improperly joined.

APPEAL from the *Wayne* Common Pleas.

*Per Curiam.*—This was a proceeding by *Conklin,* who was the plaintiff, to enjoin one *Joseph Stedham,* the sheriff of *Wayne* county, from selling the plaintiff's property on execution. The facts alleged in the complaint are, substantially, these: *Leonidas Thurston, Isaac Thurston, Alexander Thurston* and *Theodore Shotwell,* on the 6th of *July,* 1855, recovered a judgment, in the *Wayne* Common Pleas, against *Conklin,* for 887 dollars. This judgment was taken by one *Lafe Develin,* then, and now, the acting attorney at law for the judgment plaintiffs. These plaintiffs, together with said sheriff and attorney, are made defendants to this proceeding. It is averred that since the rendition of the judgment *Conklin* has paid thereon to *Develin,* as such attorney, 720 dollars, but

*Develin* has only given him, *Conklin*, credit for 520 dollars, and has caused an execution to be issued for 367 dollars, of principal in addition to interest, which execution is now in the hands of the sheriff, who has levied the same on the property of the plaintiff, *Conklin*, which will be sold on the 11th of *June*, 1859, unless relief is granted, &c. He, therefore, prays that the sheriff be enjoined from proceeding to make on said execution more than 167 dollars principal, that being the sum really due, &c.

*Develin*, one of the defendants, demurred to the complaint, on two grounds: 1. That he should not have been joined as a party. 2. That the complaint, as to him, does not state facts sufficient to constitute a cause of action. The Court sustained the demurrer; and, we think, correctly. As no judgment, in any form, could have been rendered against *Develin* in the proceeding, he was not a necessary, nor even a proper, party.

The issues were submitted to the Court who found for the defendants, and rendered a judgment refusing the injunction. We perceive no error in the record.

The judgment is affirmed, with costs.

*N. H. Johnson*, for the appellant.