UNITED STATES *v.* PRATT COAL & COKE CO. and others.[1]

(*Circuit Court, N. D. Alabama.*    June, 1883.)

1. ACT OF MARCH 3, 1883, (22 ST. 487)—PATENT OBTAINED BY FRAUD.
    The act of March 3, 1883, provides for the future disposition of public lands in Alabama; it ratifies no previous titles, however obtained. The government has a clear right to have annulled a patent obtained by fraud and perjury, and in violation of law, and the act of 1883 does not waive or renounce that act.

2. EQUITY PRACTICE—RULE 20.
    Under equity rule 20 it is necessary, in the introductory part of the bill, that the names of parties defendant, with their citizenship, shall be set out.

3. SAME—HUSBAND PROPER PARTY.
    Under the practice in the United States courts, on the equity side, the husband is a proper party where the wife is charged as to her separate estate.

4. SAME—MULTIFARIOUSNESS.
    When the matter charged and the relief sought all grow out of one general transaction, the fraudulent obtaining of a patent from the United States, accounting for rents and profits and waste is incidental.

5. SAME—UNNECESSARY PARTY.
    Where no confederacy, nor conspiracy, nor possession, nor title are alleged as to a party, and no case set out for relief against him, or for discovery or accounting, or any other thing he should not be made a party.

1 Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

6. JURISDICTION—AMOUNT IN DISPUTE.

 The circuit court having jurisdiction only when over $500 is involved, this jurisdictional fact should appear affirmatively.

7. EQUITY PRACTICE—REMEDY AT LAW.

 If the lands entered and patented had not been previously offered at public sale, in accordance with Rev. St. § 2303, then the title or patent issued was absolutely void, and in that case the complainant would have an adequate remedy at law to recover possession of land, and rents and profits. When it does not appear from the bill whether or not there was such previous offering at public sale, and as it was a prerequisite to the entry of the land and the issuance of the patent, the presumption is that the land was so offered. And considering this, and that the government seeks to have the patent surrendered and canceled, and may be entitled to a more full and complete account than could be had in a suit for rents and profits, *held,* that the demurrer on this ground should be overruled.

Motion to Dismiss and Demurrer by Peters and the Pratt Coal & Coke Company on the following grounds, in brief:

(1) For want of party, Mrs. Brown; (2) misjoinder of Mrs. Brown's husband; (3) multifarious, on several grounds; (4) Thomas Peters not a proper party; (5) amount involved not stated; (6) complainant does not offer to do equity; (7) there is an adequate remedy at law.

*Geo. Turner,* for complainant.

*Ex-Govs. Parsons* and *Cobb,* for defendants.

PARDEE, J. The act of 1883 provides for the future disposition of public lands in Alabama. It ratifies no previous titles, however obtained. The case for the United States is to recover lands fraudulently obtained, and cancel patent. While it may follow that if the lands described in the bill are recovered they will only be subject to disposal as agricultural lands, it does not follow that the government can only realize from the disposal the amounts paid by the defendants, because if they are of the actual character described in the bill, and have been so reported to the general land-office, they are first to be put in the market and to be offered at public sale. But whether any eventual good may result to the government or not, it has a clear right to have annulled a patent obtained by fraud and perjury, and in violation of law, and the act of 1883 does not waive or renounce that right. The motion to dismiss is overruled on the demurrer.

1. Under rule 20, equity rules, it is necessary, in the introductory part of the bill, that names of parties defendant, with their citizenship, shall be set out. This bill requires amendment in this regard as to Nancy Brown and William Brown, her husband.

2. Under the practice in the national courts on the equity side, which is governed by the equity rules of the supreme court, and when the rules are silent by the practice in the high court of chancery in England, the husband is a proper party where the wife is charged as to her separate estate.

3. The matters charged in the bill and the relief sought all grow out of one general transaction, to-wit, the fraudulent obtaining of a patent from the United States. Accounting for rents and profits and waste is incidental. I cannot see that the bill is multifarious.

4. There being no confederacy, nor conspiracy, nor possession, nor title alleged as to Thomas Peters, and there being no case set out for relief against him, and no relief, neither for discovery nor for accounting, nor for any other thing, it is difficult to see how or why he should be a party. On this ground the demurrer should be sustained.

5. This court has jurisdiction only when over $500 is involved. This jurisdictional fact should appear affirmatively. Demurrer sustained on this ground.

6. I cannot see how this case can be taken out of the general rule that the complainant should do equity. At all events, no case is made in the bill showing any state of facts from which the court can infer that the government elects, or is entitled to claim, the sum paid to the receiver as a forfeiture. As the case stands, on the facts alleged, the demurrer should be sustained on this ground.

7. If the lands entered by and patented to Nancy Brown had not been previously offered at public sale, in accordance with section 2303, then the title or patent issued was absolutely void, and in that case the complainant would have an adequate remedy at law to recover possession of land, and rents and profits. Whether or not there was such previous offering at public sale does not appear from the bill. As it was a prerequisite to the entry of the land and the issuance of the patent, the presumption is that the land was so offered. Considering this, and that the government seeks to have the patent surrendered and canceled, and may be entitled to have the deed from Nancy Brown to the Pratt Coal & Coke Company annulled and the record thereof erased, and may be entitled to a more full and complete account than could be had in a suit for rents and profits, the demurrer on this ground is overruled.

Decree accordingly.