### HAWKINS *v.* McCALLA *et al.*

1. Where an accident insurance company underwrites the risk of an employer, and by its policy undertakes to indemnify him against loss by reason of negligent injuries to employees, this constitutes no contract between the employees and the insurance company. In case of the homicide of an employee, his widow is entitled to recover therefor; and if the insurance company chooses to admit its liability and pay to the employer the amount due on the policy in consequence of such homicide, the sum so paid constitutes in no sense assets of the estate of the deceased employee, and therefore an equitable petition filed by creditors of such deceased employee to enjoin the payment of such sum to his widow is not maintainable.
2. If at the death of an employee any sums were due to him by the employer either for wages or otherwise, such debts are assets of the deceased, and may be reached in the ordinary course of administration.

December 21, 1894.

Equitable petition.    Before Judge CLARK.    Rockdale superior court.    February 8, 1894.

J. N. GLENN, for plaintiff.

J. R. IRWIN and A. C. McCALLA, for defendants.

SIMMONS, Chief Justice.

The petition of Isaac C. Hawkins against the Union Paper Mills Company, A. C. McCalla and Mrs. Hayden Hawkins, was demurred to by the defendants separately; the demurrers were sustained, and to this ruling the plaintiff excepted.

It appears from the petition, that the plaintiff was a creditor of William Hawkins, a deceased employee of the Union Paper Mills Company, who, while at work in the service of the company, received injuries which caused his death; that the company, in order "to meet any risk or liability for accidents caused by negligence on the part of itself or its employees, had taken out accidental or other policies of insurance, and at the time of the injury and death of said William, had a policy or policies in its favor to cover its liability for such death," and "to meet this liability it negotiated with and obtained from the insurance companies with which it took the policies $450 or other sums to pay for the injuries and death of said William." The petition also alleges that the paper mills company was due the deceased at the time of his death about $25 for wages, and still owes this sum to his estate, and that the deceased died intestate and without any property in hand, and no letters of administration upon his estate have been granted or applied for. The petitioner prayed for an injunction against the payment of any of this money to the widow of the deceased, until his claim against the deceased was paid, and that the money be applied to that claim.

1. The contract of the insurance companies, as appears from the petition, was a contract to indemnify the paper mills company against loss by reason of its liability to employees, and was not a contract with or for the benefit of the employees themselves; and if the paper mills company was liable for the homicide of this employee, his widow was entitled to recover (Code, §2971; Acts 1887, p. 43), and the statute which gives her this right expressly provides that no recovery had under its provisions "shall be subject to any debt or liability of any character of the deceased husband." Any sum, therefore, which may have been paid by the insurance companies to the paper mills company to

cover its liability in this case, was in no sense assets of the estate of the deceased employee.

2. If anything was due the deceased by the paper mills company at the time of his death, for wages or otherwise, such debts were assets of the deceased, and could be reached by the ordinary course of administration.

It follows from what we have said, that the court did not err in dismissing the petition.   *Judgment affirmed.*