## Joseph Kinnan, by Next Friend, v. Fidelity & Casualty Co.

1. INSURANCE—*An Employe Has No Rights Against a Liability Company Which Has Insured His Employer.*—An injured employe has no rights against a liability company which has an indemnity contract or policy with his employer.

Creditor's Bill, for discovery and relief. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding.

Kinnan v. Fidelity & Casualty Co.

Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 31, 1903. Rehearing denied, April 17, 1903.

This was a creditor's bill brought by appellant against appellee and others for discovery and relief. The Fidelity and Casualty Company answered the bill, denying that it had in its possession or control either money or property belonging to the judgment debtor or was in any way or wise indebted to him. It also set up by way of answer an insurance policy which it had theretofore issued to the said Griffith Hunter, in which policy was contained the following:

" No action shall lie against the company after the expiration of the period within which an action for damages on account of the given injuries or debt might be brought by such claimant or his representatives against the insured unless at the expiration of said period there is a suit, arising out of such accident, pending against the assured, in which case an action may be brought in respect to the claim involved in such action against the company by the assured within thirty days after final judgment is rendered in such suit and not later."

Upon the hearing the following took place:

"And thereupon the complainant, to maintain the issues upon his part, introduced the following evidence, to wit:

Mr. Shinn, solicitor for complainant: The following facts have been agreed upon by stipulation: This is a creditor's bill filed on a judgment recovered in a common-law court for personal injuries wherein the Fidelity and Casualty Company, which is the real defendant here, was the indemnitor under a contract with one Griffith Hunter.

The Court: It is a judgment against whom?

Mr. Shinn: The defendant, Hunter, recovered by Kinnan.

The Court: The plaintiff, Kinnan, got a judgment against Hunter and filed this creditor's bill against him and the Casualty Company?

Mr. Shinn: Yes; also against his wife.

The Court: Claiming that the Casualty Company had some money or property or thing of value in its possession or under its control that the plaintiff was entitled to?

Mr. Shinn: Yes."

Counsel thereupon read in evidence the stipulation, to wit:

### FIRST STIPULATION.

" It is hereby stipulated and agreed by and between the parties hereto, by their respective attorneys, that the plaintiff, Joseph Kinnan, recovered a verdict against the defendant, Griffith Hunter, for $1,500 for personal injuries, in the Circuit Court of Cook County, on the 5th of November, 1897, and that judgment was rendered on said verdict December 23, 1897; that the said Hunter prayed an appeal and was given thirty days to file bill of exceptions and bond in the sum of $2,500; that said appeal was not perfected and no bond was ever filed; that the defendant in this cause, the Fidelity and Casualty Company of New York, carried an employers' liability indemnity contract for said Hunter at the time of the accident to the said Kinnan, and that the said Kinnan was injured during the life of said contract; that under the terms of said contract the Fidelity and Casualty Company provided an attorney and defended the suit of Kinnan v. Hunter in the Circuit Court, and that during the pendency of the motion for a new trial and prior to the entering of judgment on the verdict in said cause the said Fidelity and Casualty Company was negotiating a settlement for the amount of said verdict to the plaintiff, in settlement of said suit, but that before said negotiations were perfected the said Fidelity and Casualty Company settled with the said Hunter for $1,000 and secured a release from said Hunter from all liability under said contract; that the said Hunter left the State of Illinois shortly thereafter and has been absent ever since; that execution was issued against the said Hunter on January 10, 1898, but he could not be found and return was so made, and that no property of the said Hunter could be found.

GEORGE W. SHINN,<br>
Solicitor for Complainant.<br>
O. W. DYNES,<br>
Solicitor for Defendant."

### SECOND STIPULATION.

" It is further stipulated and agreed that at the time the said Fidelity and Casualty Company made this settlement, mentioned in the first stipulation, with the said Hunter for the sum of $1,000, the said Hunter represented to the said Fidelity and Casualty Company that he was solvent, which said representations were made in the form of an affidavit by said Hunter, which said affidavit is hereto attached, marked "Exhibit A;" and that one C. B. Stafford, then

acting as attorney for said Hunter, would testify in this cause that he believed the facts set forth in said affidavit were true; that the said Stafford represented the said Fidelity and Casualty Company in the trial of said cause to the extent of being the attorney furnished by the said Fidelity and Casualty Company to represent the defendant Hunter in the trial of said cause as per the terms of the aforementioned indemnity contract, but that the said Stafford's connection with said Fidelity and Casualty Company was terminated prior to the making of the release from said Hunter to said company of the indemnity contract, at which time he acted only as the attorney of said Hunter, and that the said Hunter retained said Stafford to take an appeal in said case, but that the said Hunter left the state and did not return to take said appeal, and that he has not seen the said Hunter since.

GEORGE W. SHINN,
Solicitor for complainant.
O. W. DYNES,
Attorney for defendant."

The affidavit referred to in said stipulation is as follows:

" STATE OF ILLINOIS, }
   Cook County. } ss.

I, Griffith Hunter, being duly sworn, depose and say that I am worth over and above all my liabilities the sum of $15,000; that my property consists of personal property, stock in corporations and real estate; and if all the claims against me were put in judgment and my property was sacrificed at forced sale in order to pay such judgments against me, there would still result and accrue to me from the proceeds of such sale of my property, after payment of such judgment and costs, more than $15,000; that I have consulted my attorney and am of the opinion that there is no liability from the claim of Kinnan against me.

GRIFFITH HUNTER."

" Subscribed and sworn to before me this 17th day of November, A. D. 1897.

JOHN R. GOTT,

[N. S.]                             Notary Public."

The court upon the hearing dismissed the bill for want of equity.

GEORGE WILLIAM SHINN, attorney for appellant.

O. W. Dynes, attorney for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the court.

It did not appear upon the hearing that appellant had ever had any right, title or interest, legal or equitable, in or to the policy of insurance at one time issued by the Fidelity and Casualty Company to Griffith Hunter. Nor did it appear that the settlement made by the Casualty Company with Hunter was not in good faith, or designed or intended in any way or wise to affect the rights of appellant.

The injury to appellant did not render the amount, or any portion thereof, for which appellant, by reason of said injury, might recover a judgment against his employer, Griffith Hunter, a trust fund for the benefit of appellant, or a thing upon which he had any right or claim.

The obligation of appellant's employer, because of his injury, was entirely to him. The obligation of the Casualty Company, under its policy, was entirely to Griffith Hunter and no one else. Bain v. Atkins, 181 Mass. 240.

The case of Moses v. The Travellers' Insurance Co., 49 Atl. Rep., 720, to which our attention is called by appellant, contains nothing contrary to the opinion above expressed. The decree of the Circuit Court dismissing the bill for the want of equity is affirmed.