BEYER v. INTERNATIONAL ALUMINUM CO. et al.

(Supreme Court, Appellate Division, Fourth Department.  November 14, 1906.)

INSURANCE—EMPLOYER'S LIABILITY POLICY—INSURER'S LIABILITY TO SERVANT.
    An employer's liability policy provided that the insurance was made subject to certain conditions, one of which was that, if suit should be brought against assured, the company should be permitted to defend the same at its own expense, if it saw fit, and that no action should lie against the insurance company to recover for any loss or expense under the policy, unless it should be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issue, or unless brought within 90 days.  *Held*, that where assured, after judgment for injuries to a servant, became insolvent and unable to pay the judgment, the servant had no cause of action to recover the same against the insurance company.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1439.]

Appeal from Special Term, Erie County.

Action by William Beyer against the International Aluminum Company and another.  From a judgment sustaining a demurrer to and dismissing the complaint for want of facts, plaintiff appeals.  Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Joseph P. Schattner and James Harmon, for appellant.
Pooley & Pratt and H. E. Rourke, for respondents.

WILLIAMS, J.  The judgment should be affirmed with costs, with leave to plead over on payment of costs of this appeal and of the demurrer.

The action was brought to recover the amount of a judgment theretofore recovered against the aluminun company for damages for personal injuries.  Plaintiff was an employé of the aluminun company, met with an accident, was seriously injured, and the judgment was recovered on the ground that the negligence of the aluminun company caused the accident and injuries.  The aluminum company had become insolvent, and plaintiff could not collect the judgment.  By this action he seeks to recover the amount of the judgment from the insurance company, because it had insured the aluminum company against loss or expense arising from claims upon the assured for damages for injuries suffered by its employés in the operation of its business.  The policy was annexed to and made a part of the complaint, and provided that the insurance was made subject to certain conditions, among which was one, in substance, that, if any suit should be brought against the assured, it should turn the papers therein over to the insurance company, which should defend the same, if it saw fit, at it own expense, and the insured should aid in such defense in any way it could, and should in no way interfere with such defense, and the further condition that:

"No action shall lie against the (insurance) company to recover for any loss or expense under this policy unless it shall be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issue, nor unless such action is brought within ninety days after payment of such loss or expense."

The insurance company defended the action brought by plaintiff against the aluminum company. The issues therein were actually tried, and a recovery had of $1,500. Judgment was entered, execution issued and returned unsatisfied, and no appeal from the judgment had been taken, and the time to appeal had expired.

These facts being admitted by the demurrer, they do not furnish any ground for a recovery against the insurance company in this action. The defendants had a legal right to contract with each other, and upon such terms as they saw fit. The insurance company had a legal right to impose such conditions upon its liability under the policy as it saw fit; and, such conditions having been agreed upon by the aluminum company, the liability could not be extended by the insured or its employé, the plaintiff in this action. The condition limiting such liability, above quoted, is in plain unequivocal language. Its meaning is not to be questioned, and the court is powerless to change the same, or to impose any liability in violation of such condition. This question has arisen twice in the courts of this state (Munro v. Maryland Cas. Co., 48 Misc. Rep. 183, 96 N. Y. Supp. 705; Burke v. London Ins. Co., 47 Misc. Rep. 171, 93 N. Y. Supp. 652), and the same views taken as herein expressed. It has arisen in the courts of various other states, and the rule laid down as herein held, except in New Hampshire, where the court by construction held that the language of this condition did not mean what the language clearly and unmistakably implied. Some of the cases referred to in other states are: Sanders v. Ins. Co., 72 N. H. 485, 57 Atl. 655, 101 Am. St. Rep. 688; Cushman v. Fuel Co., 122 Iowa, 656, 98 N. W. 509; Frye v. Gas Co., 97 Me. 241, 54 Atl. 395, 59 L. R. A. 444, 94 Am. St. Rep. 500; Ins. Co. v. Moses, 63 N. J. Eq. 260, 49 Atl. 720, 92 Am. St. Rep. 663; Kinnan v. Fidelity Co., 107 Ill. App. 406; Connelly v. Bolster, 187 Mass. 266, 72 N. E. 981.

We do not desire to enter into any analysis or discussion of these cases, or the reasons expressed by the courts for their conclusions therein. The question seems to us to be one of the simple construction of a plain condition, expressed clearly and unequivocally, which the insurance company had a legal right to include in its contract, and which the courts cannot deprive it of the benefit and protection of. We therefore conclude the judgment should not be disturbed.

Interlocutory judgment affirmed with costs, with leave to the plaintiff to plead over upon payment of the costs of the demurrer and of this appeal. All concur.