W. H. CLARK, ADMINISTRATOR OF JOHN V. CLARK, v. BONSAL &
CO. AND MARYLAND CASUALTY COMPANY.

(Filed 27 November, 1911.)

1. Insurance — Indemnity — Contracts—Right of Action—Damages
Sustained.

When a contract of indemnity is clearly against loss or dam-
age, no action will lie in favor of the insured until some damage
has been sustained, either by the payment of the whole or some
part of an employee's claim.

2. Same—Judgment.

If the stipulation in a contract of indemnity is, in effect, one
indemnifying against liability, a right of action accrues when
the injury occurs, or, in some instances, when the amount and
rightfulness of the claim has been established by judgment of
some court having jurisdiction, this according to the terms of
the policy.

3. Same—Pleadings—Assignments—Insolvency.

When the contract of indemnity is taken out by the insured
and appears to be for his protection, it is treated and dealt with
as an asset of the insured employer, and in the absence of an
assignment from him or allegation of insolvency, etc., an em-
ployee has no interest therein upon which he may proceed directly
against the insurer for damages for a personal injury received
by him, which was covered by the policy.

4. Same—Equity.

An injured employee may not proceed originally against an
indemnity company which has insured the employer against loss
from such injury, in the absence of an assignment by the em-
ployer of the policy to him, except by attachment or bill in the
nature of an equitable *fi. fa.*, or some action in the nature of
final process incident to the bankruptcy or insolvency of the
insured.

5. Same—Parties.

An ordinary indemnity contract against liability for injury
to the employees of the insured, as the one sued on here, is not
for the benefit of the employee, either in its express terms or in
its underlying purpose, but for the indemnity and protection of
the employer against unexpected and uncertain demands, and
the rights arising under the contract are his property, and
actions to recover same are under his control.

**6. Same—Pleadings—Demurrer.**

A complaint which joins an indemnity company as a party defendant in an action for personal injuries sustained, and which was covered in the policy contract, sets forth no cause of action against the indemnity company, which alleges a contract between the defendants for the protection of the employer alone, without allegation of an assignment to the suing employee or insolvency of the employer, and a demurrer on the ground of misjoinder of parties should be sustained as to the defendant indemnity company.

APPEAL from *Justice, J.*, at April Term, 1911, of ANSON.

Civil action to recover damages for death of plaintiff's intestate, an employee of Bonsal & Co., caused by alleged negligence of the employer, and in which the Maryland Casualty Company was joined as an original party defendant, heard on demurrer for misjoinder of parties. The complaint sets forth a cause of action against Bonsal & Co. for negligently causing the death of intestate in the course of his employment with that company, and alleges that Bonsal & Co. held a contract of indemnity insurance with the casualty company, and makes the contract a part of the complaint. The complaint contained no allegations of insolvency on the part of Bonsal & Co. nor any facts, *ultra*, having a tendency to give the court jurisdiction in application or distribution of an insolvent's estate, nor was there allegation of assignment to plaintiff by the insured company. The right of joinder is made to rest on the terms of the policy, and the stipulations therein relevant to the questions presented are as follows:

"The casualty company guarantees the assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered by any employee or official, or employee and officials, of the assured while the said employees or officials are engaged in the occupations and at the places mentioned in the schedule below; provided such bodily injuries or death are suffered as a result of accidents occurring within the period of twelve (12) months, beginning on the first day of December, 1908, at noon, and ending on the first day of December, 1909, at noon, standard time, at the place where the policy

has been countersigned. . . . The company's liability for loss from an accident resulting in bodily injuries, including death resulting therefrom, to one person, is limited to five thousand dollars ($5,000), and subject to the same limit for each person, the company's total liability for loss from an accident resulting in bodily injuries, including death resulting therefrom, to more than one person, is limited to ten thousand dollars ($10,000). In addition to these limits, however, the company will, at its own cost (court costs being considered part thereof), investigate all accidents and defend all suits, even if groundless, of which notices are given to it as hereinafter required, unless the company shall elect to settle the same. . . . Immediate notice of any accident and of any suit resulting therefrom, with every summons or other process, must be forwarded to the home office of the company or its authorized representative. The company is not responsible for any settlements made or any expenses incurred by the assured, unless such settlements or expenditures are first specifically authorized in writing by the company, except that the assured may provide at the time of the accident, at the expense of the company, such immediate surgical relief as is imperative. In the event of an accident causing injuries to more than one person, the company may terminate its liability under this policy on account of such accident, by payment to the assured of its total limit of liability above named. . . . This policy may be canceled by either the company or the assured at any time by written notice to the other, stating when the cancellation shall be effective."

The court below sustained the demurrer and dismissed the action as to the casualty company, and plaintiff, having duly excepted, appealed.

*Lockhart & Dunlap and Robinson & Caudle for plaintiff.*
*McLean, Varser & McLean and Murray Allen for defendant.*

HOKE, J., after stating the case: In construing contracts of this character, the courts have generally held that if the indemnity is clearly one against loss or damage, no action will lie in favor of the insured till some damage has been sustained, either by payment of the whole sum or some part of an employee's

claim; but if the stipulation is, in effect, one indemnifying against liability, a right of action accrues when the injury occurs or, in some instances, when the amount and rightfulness of the claim has been established by judgment of some court having jurisdiction—this, according to the terms of the policy; but, unless the contract expressly provides that it is taken out for the benefit of the injured employees and the payment of recoveries by them, none of the cases hold that an injured employee may, in the first instance, proceed directly against the insurance company. In all of them, so far as examined, a right of action arising on the policy is treated and dealt with as an asset of the insured employer, and, in the absence of an assignment from him, the employee cannot appropriate it to his claim, except by attachment or bill in the nature of an equitable *fi. fa.* or some action in the nature of final process, incident to bankruptcy or insolvency. Certainly this position is supported by the great weight of authority: *Connoly v. Bolster,* 187 Mass., 266; *Bain v. Atkins,* 181 Mass., 240; *Embler v. Hartford Boiler Co.,* 158 N. Y., 431; *Cushman v. Fuel Co.,* 122 Iowa, 656; *Hawkins v. McCalla,* 95 Ga., 192; *Carter v. Insurance Co.,* 76 Kansas, 275; *Finley v. Casualty Co.,* 113 Tenn., 592; *Keenan v. Casualty Co.,* 107 Ill. App., 406; Vance on Insurance, p. 608; 15 Cyc., p. 1038; 11 A. and E. (2d Ed.), p. 16.

The doctrine, as announced and sustained in these citations, is very well epitomized in Vance on Insurance as follows:

"The fund payable under a liability policy is not subject to any trust in favor of the person whose right to damages for personal injury gave rise to the insurer's liability, nor has such third person any other right in connection with the insurance, save the common right of reaching the fund, when payable, by garnishment or other proper process."

The cases from other courts, chiefly relied upon by plaintiffs, are not, necessarily, in conflict with this position. In *Fritchie v. Millers Co.,* 197 Pa. St., 401, and *Hoven v. Employer's Liability,* 93 Wis., 201; *Anoka Lumber Co.,* 286, judgment had been first obtained against the employer, and garnishment was issued against the company. In *Sanders v. Frankfort Insurance Co.,* 72 N. H., 485, judgment was first obtained and the action

was in the nature of an equitable *fi. fa.* seeking to appropriate claim as the property of the insured, and in *Insurance Co. v. Moses,* 63 N. J. Eq., 260, the insured employer had become bankrupt, and appropriation was had, to an amount of loss, as indicated by a pro rata distribution of the other assets among the creditors; reversing, in this respect, a decree. of the vice chancellor, in which the entire amount of claim had been held applicable to injured employee's recovery. See same case, 61 N. J. Eq., 59. What amount may be recovered on proceedings of garnishment or bill in aid of collecting the judgment will depend on the nature of the stipulations of indemnity and the facts and circumstances of the particular case. Thus, when, as in the Massachusetts and Tennessee and Iowa cases, *supra,* the policy is clearly an indemnity against "loss actually paid" by the assured "to reimburse him for a loss actually sustained and paid in satisfaction of a judgment after the issue determined," the language in the Iowa case, *supra,* and it appears that there has been nothing paid, it seems that no amount is applicable. In the New Jersey case, as stated, on similar stipulations, it was finally held that the loss would be considered paid by the insured and recoverable from the company to the amount indicated by the pro rata distribution of the other assets, etc. In the Minnesota and New Hampshire cases, *supra*—and we incline to the opinion that the present policy comes within the principle—it was held that the terms, "insured against loss from liability arising," etc., in the first portion of the policy, was so modified by subsequent clauses that it amounted to insurance against liability, and the entire amount could be applied to the employer by appropriate process—process that recognizes and deals with it as an asset of the employer. The cases in our own Court, to which we were especially referred by counsel, do not sustain his contention. In *Aiken v. Manufacturing Co.,* 141 N. C., 339, in which the Court said that a casualty company, while not a necessary, was a permissible party, the policy was not before the Court or made part of the record. The allegation concerning it was to the effect that the employer had a policy and stipulations to indemnify it against "all injuries to any of its employees, including the plaintiff, and to pay any

sum that might be recovered by any of said employees, including the plaintiff," a direct stipulation to pay the recovery sought in the action. In case of *Shoaf v. Frost,* 127 N. C., 306, a policyholder in a fire insurance company brought his action directly against a reinsuring company, and the decision was made to rest on the ground that, by the express terms of the agreement, the reinsuring company was to pay the losses on policies already issued, and so, as between the two contracting parties, became the principal debtor, and on the further ground that the property of the original company, as part of the consideration, was assigned and transferred to the company sued, as it was in *Johannes v. Insurance Co.,* 66 Wis., 50, a case cited and relied on in the Shoaf decision. And so, in all the decisions cited by plaintiff, where the claimant was allowed to sue the indemnitor, by direct action, the contract, either in express terms or by fair intendment, was made for the benefit of the plaintiff, as in *Gorrell v. Water Supply Co.,* 124 N. C., 328, or by the nature of the contract or by virtue of property passed and the attendant facts the party assumed towards the other the place of primary debtor, and was held bound to plaintiff, under the general equitable principles of *indebitatus assumpsit,* as in *Keller v. Ashford,* 133 U. S., 610; *Vorhees v. Porter,* 134 N. C., 591, or the bond taken under statutory provision was for the benefit of claimant, or the action was permissible in tort for wrongful seizure of property and the bond of indemnity constituted the obligor a participant in the wrong; but no such facts are presented here. An ordinary indemnity contract of this character is not made for the benefit of the employee, either in its express terms or in its underlying purpose. It is made for the protection and the indemnity of the employer, fortifying him against unexpected and uncertain demands which might otherwise prove disastrous to his business, and the rights arising under such a contract are his property, and actions to recover the same are and should be under his control. The nature of the contract and the principles applicable are well stated in one of the Massachusetts cases, above cited, *Bain v. Atkins,* as follows:

"The only parties to the contract of insurance were Atkins and the company. The consideration for the company's promise

came from Atkins alone, and the promise was only to him and his legal representatives. Not only was the plaintiff not a party to either the consideration or the contract, but the terms of the contract do not purport to promise an indemnity for the benefit of any person other than Atkins. The policy only purports to insure Atkins and his legal representatives against legal liability for damages respecting injuries from accidents to any person or persons at certain places within the time and under the circumstances defined. It contains no agreement that the insurance shall inure to the benefit of the person accidentally injured, and no language from which such an understanding or intention can be implied. Atkins was under no obligation to procure insurance for the benefit of the plaintiff, nor did any relation exist between the plaintiff and Atkins which could give the latter the right to procure insurance for the benefit of the plaintiff. The only correct statement of the situation is simply that the insurance was a matter wholly between the company and Atkins, in which the plaintiff had no legal or equitable interest, any more than in any other property belonging absolutely to Atkins." This being the correct position, the complaint as it now stands sets forth no cause of action against the insurance company, nor does it contain facts giving plaintiff any present right to recover against it nor to have judgment in any way directly affecting its rights. The principle is very well stated in 30 Cyc., p. 125, as follows: "It is not sufficient reason for joining a person as defendant that the adjudication of the case at bar may determine points of law adversely to its interests. As a rule, the record must show a responsible interest in all the defendants," citing among other cases *Conkling v. Thruston* and others, 18 Ind., 290; *U. S. v. Pratt Coke and Coal Co.,* 18 Fed., 708.

In our opinion, the casualty company has no interest or place in this controversy, and the judgment of his Honor, sustaining the demurrer, must be

Affirmed.