HILLMAN et al. v. NEW YORK STATE STEEL CO.

(District Court, W. D. New York. October 27, 1913.)

CORPORATIONS (§ 560*)—ADMINISTRATION OF ESTATE—COMPROMISE OF JUDG-
MENT.

Receivers for an insolvent corporation appointed in a creditors' suit
instructed not to compromise and settle a judgment recovered against the
corporation by an employé, where the question whether the receivers
could recover the amount paid in such settlement from an insurance com-
pany on an indemnity policy, or only the amount the judgment creditor
would receive on a distribution of assets, was doubtful under the state
decisions.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2253–2260,
2262; Dec. Dig. § 560.*]

In Equity. Suit by John H. Hillman, Jr., Ernest Hillman, and Ar-
thur B. Sheets against the New York State Steel Company. On appli-
cation by receivers for instructions as to compromise of judgment
recovered by Francesco Bruno.

Love & Keating, of Buffalo, N. Y. (George P. Keating, of Buffalo,
N. Y., of counsel), for receivers.

William H. Gorman, of Buffalo, N. Y., for judgment creditor.

MacGregor & Stone, of Buffalo, N. Y. (Daniel J. Kenefick, of Buf-
falo, N. Y., of counsel), for Insurance Company.

HAZEL, District Judge. The question of the legal liability of the
Standard Accident Insurance Company for the full amount of $5,000,
at which, according to the petition, the judgment recovered against
the defendant can be compromised, is involved in such doubt as to the
right of the receivers to recover the full amount paid by them that
I am constrained to advise that such offer of compromise or settle-
ment be not accepted. Payment of the judgment on the basis of the
proposed settlement would no doubt involve the receivers in a pro-
tracted and expensive litigation with the insurance company, and as
I believe the policy to be distinctly one of indemnity—one that does
not in terms compel the insurance company to pay the judgment when
the liability is established, but only to reimburse the assured for the
loss sustained—I am disinclined to authorize a settlement, especially
in view of the construction which the Appellate Division of the Su-
preme Court of this state has given to insurance policies of this de-
scription. See Saratoga Trap Rock Co. v. Standard Accident Insur-
ance Co., 143 App. Div. 852, 128 N. Y. Supp. 822, Beyer v. Interna-
tional Aluminum Co., 115 App. Div. 853, 101 N. Y. Supp. 83, Burke
v. London Guarantee Accident Co., 47 Misc. Rep. 171, 93 N. Y. Supp.
652, and Munro v. Maryland Casualty Co., 48 Misc. Rep. 184, 96 N. Y.
Supp. 705; which cases in principle disagree with the case of San-
ders v. Insurance Co., 72 N. H. 485, 57 Atl. 655, 101 Am. St. Rep. 688,
and in addition the case of Travelers' Insurance Co. v. Moses, 63 N.
J. Eq. 260, 49 Atl. 720, 92 Am. St. Rep. 663, which substantially war-
rants holding that the claim of the receivers against the insurance

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

company can only be for the proportionate share that will be paid out of the assets of the defendant corporation to the judgment creditor on final distribution. I recognize that in that case the judgment debtor was in bankruptcy and the judgment creditor had filed proof of claim in bankruptcy, yet as here the affairs of the corporation are sought to be wound up in equity, the action having been brought for the protection of the creditors of the corporation, there is such analogy between the two cases that the principle of the Moses Case is thought applicable.

An appropriate order may be entered.