JOE NEWTON v. F. R. SEELEY and MARYLAND CASUALTY COMPANY.

(Filed 27 May, 1919.)

**Indemnity— Contracts— Master and Servant— Employer and Employee— Bonds—Actions—Sequestration—Equity—Loss—Judgments.**

> An employee has no right of action upon an indemnifying contract taken out by his employer for the latter's sole benefit and to protect him alone from loss or damages to his employees caused by accidents received by them in the course of their employment; and where the assured employer has become insolvent and has left the State the policy is not subject to the equitable principle of sequestration in the employee's action, unless the plaintiff has obtained a judgment against the assured to the extent of his unpaid claim or has acquired a contractual right against the indemnitor by assignment of the policy or otherwise. *Clark v. Bonsal,* 157 N. C., 270; *Hensley v. Furniture Co.,* 164 N. C., 148, cited, approved and applied. The assured (employer) must actually sustain a loss before an action will lie upon the indemnifying policy, as this is expressly required by its terms.

ACTION tried before *McElroy, J.,* on demurrer, at March Term, 1919,. of CHEROKEE.

The plaintiff, who was employed by defendant F. R. Seeley, alleges that he was injured by the negligence of his employer, as set forth in the complaint. The negligence, as alleged, consisted in the failure to prop or secure in some way the sides of the cut or pit, at the bottom of which the plaintiff was digging for iron ore, which caused the side wall of the pit to cave in and injure the plaintiff.

Defendant Seeley was insured by the defendant Maryland Casualty Company, and by the terms of the policy it was agreed to indemnify the assured against loss from the liability imposed by law upon it for damages on account of bodily injuries accidentally suffered by any employee, etc.

The casualty company was made a party as a defendant with Seeley,. and the complaint alleges that Seeley is insolvent, has left the State,. has no property therein, and by reason thereof the plaintiff is entitled to make the casualty company a party defendant; that the contract of insurance constitutes an equitable asset of Seeley, which by an order of the court should be sequestered and applied to the satisfaction of the plaintiff's demands against him.

The casualty company demurred to the complaint, and from an order overruling it this appeal is prosecuted.

*Witherspoon & Witherspoon for plaintiff.*
*Merrimon, Adams & Johnston for defendant Maryland Casualty Company.*

WALKER, J., after stating the facts: This case is clearly governed by *Clark v. Bonsal,* 157 N. C., 270, and *Hensley v. Furniture Co.,* 164 N. C., 148, which were actions upon identical policies issued by the same company. In *Clark v. Bonsal, supra, Justice Hoke* says: "The courts, in construing contracts of this character, have generally held that if the indemnity is clearly one against loss or damage, no action will lie in favor of the insured till some damage has been sustained, either by payment of the whole sum or some part of an employee's claim; but if the stipulation is in effect one indemnifying against liability, a right of action accrues when the injury occurs, or, in some instances, when the amount and rightfulness of the claim have been established by judgment of some court having jurisdiction—this according to the terms of the policy; but unless the contract expressly provides that it is taken out for the benefit of the injured employees and the payment of recoveries by them, none of the cases holds that an injured employee may, in the first instance, proceed directly against the insurance company." He then adds, that in all the cases upon the subject, so far as examined, a right of action arising on the policy is treated and dealt with as an asset of the insured employer, and in the absence of an assignment from him, the employee cannot appropriate it to his claim except by attachment or by a bill in the nature of an equitable *fieri facias,* or some action in the nature of final process, incident to bankruptcy or insolvency, to subject the "right of action" to the payment of the plaintiff's claim.

We presume, and must do so, that the plaintiff's assumption that he can recover, where there has been no judgment against the assured by the employee, and no payment by it of the latter's claim or any part thereof, is based upon the last words we have taken from the opinion in *Clark v. Bonsal, supra,* as to the attachment or sequestration of the assured's claim against the indemnity company. But such an inference from that language is manifestly not warranted. Before any claim can be sequestered, it must take the form of a right to sue the indemnity company, because of a loss sustained by the assured, and this right does not accrue to the assured "until some damage has been sustained, either by payment of the whole sum or some part of an employee's claim" by the employer, according to the following passage taken from the opinion

in that case: "But, unless the contract expressly provides that it is taken out for the benefit of the injured employees and the payment of re- coveries by them, none of the cases holds that an injured employee may, in the first instance, proceed directly against the insurance company." The Court, in *Bain v. Atkins,* 181 Mass., 240, approved in *Clark v. Bonsal; supra,* is to the same effect, as will appear by this language: "The only parties to the contract of insurance were Atkins and the company. The consideration for the company's promise came from Atkins alone, and the promise was only to him and his legal representa- tives. Not only was the plaintiff not a party to either the consideration or the contract, but the terms of the contract do not purport to promise an indemnity for the benefit of any person other than Atkins. The policy only purports to insure Atkins and his legal representatives against loss from legal liability for damages respecting injuries from accidents to any person or persons at certain places within the time and under the circumstances defined. It contains no agreement that the insurance shall inure to the benefit of the person accidently in- jured, and no language from which such an understanding or intention can be implied. Atkins was under no obligation to procure insurance for the benefit of the plaintiff, nor did any relation exist between the plaintiff and Atkins which could give the latter the right to procure insurance for the benefit of the plaintiff. The only correct statement of the situation is simply that the insurance was a matter wholly be- tween the company and Atkins, in which the plaintiff had no legal or equitable interest any more than in any other property belonging abso- lutely to Atkins." This Court, in *Clark v. Bonsal, supra,* after stating the foregoing view, held that the complaint in that case, which is similar to the one in this and substantially the same, did not allege a cause of action against the insurance company, and that it did not aver facts sufficient to show any present right to recover against it "nor to have judgment in any way directly affecting its rights. It is then said that "the principle is very well stated in 30 Cyc., 125, as follows: 'It is not sufficient reason for joining a person as defendant that the adjudica- tion of the case at bar may determine points of law adversely to its interests. As a rule, the record must show a responsible interest in all the defendants,' citing, among other cases, *Conkling v. Thurston,* 18 Ind., 290; *U. S. v. Pratt Coke and Coal Co.,* 18 Fed., 708."

The case of *Clark v. Bonsal, supra,* was approved in *Hensley v. Fur- niture Co., supra,* and more recently in *Lowe v. Fidelity Co.,* 170 N. C., 445, where the Court held, in accordance with the ruling of the courts in other States, that "when a contract of indemnity is clearly against loss, no action will lie in favor of the insured until some damage has been sustained, either by the payment of the whole or some part of the em-

ployee's claim," thereby adopting the principle and also the very language of the other two cases, which it cites together with *Finley v. Casualty Co.,* 113 Tenn., 598; *Casualty Co. v. Martin,* 163 Ky., 12.

So that it appears to be thoroughly well settled that in a case of this kind there can be no recovery by the employee against the indemnity company until there has been a loss by the assured in the manner described in the decisions to which we have referred, and such a loss had not been suffered in this case.

The other positions taken by the plaintiff are untenable and require no discussion, as the case turns upon the question we have considered. The same stipulations are in this policy which are in those upon which the above decisions were based.

It was, therefore, error to overrule the demurrer. It should have been sustained as to the Maryland Casualty Company, and the action as to it must be dismissed.

Reversed.