J. B. KILLIAN, ADMINISTRATOR OF ROY KILLIAN, DECEASED, v. J. HANNA, C. V. DEVAULT, W. H. LITTLE AND GEORGIA CASUALTY COMPANY.

(Filed 12 January, 1927.)

Actions—Misjoinder—Causes of Action—Insurance—Release—Fraud—Pleadings—Demurrer—Statutes.

> Where the complaint alleges two causes of action, one against a defendant for negligence in proximately causing the injury in suit, and the other against an indemnity company whose policy of insurance covers the accident, and certain of its employees, for fraudulently obtaining a release from liability set up as a defense: *Held,* though a recovery may not be had against the defendants under the second alleged cause of action, they are necessary parties to the same cause of action, and a demurrer for misjoinder of parties and causes of action is bad. C. S., 456, 507, 535.

APPEAL by defendants from *Lane, J.,* at January Term, 1926 of CATAWBA (in Chambers, Morganton, N. C., 31 May, 1926). Affirmed.

The material facts will be stated in the opinion.

*A. A. Whitener, Louie A. Whitener, T. Manly Whitener and A. D. MacLean for plaintiff.*
*Chas. A. Jonas and W. C. Feimster for defendants.*

CLARKSON, J. This is an action for actionable negligence and to set aside a release alleged to have been procured by fraud, brought by J. B. Killian, administrator of Roy Killian. Two causes of action are set forth in the complaint:

(1) The first cause of action is against the defendant, J. Hanna, for damages, who it is alleged in the complaint, through gross negligence and reckless driving, which was the proximate cause, killed Roy Killian,

plaintiff's intestate, at the highway intersection in the village of Choco-winity, Beaufort County, N. C., on or about 6 November, 1925.

(2) The second cause of action is a repetition of the first cause of action for damages against the defendant, J. Hanna, for the negligent killing of plaintiff's intestate and against all the defendants for alleged fraud. The defendant, J. Hanna, had indemnity insurance against loss in defendant Georgia Casualty Co. It is alleged through fraud, in which all the defendants actively participated, with knowledge of the facts—gross negligence and reckless driving—as to how plaintiff's intestate was killed, they had the plaintiff, an illiterate man who could neither read nor write, to qualify as administrator and take $500 as a contribution or donation to the family of the deceased, which was tendered back and the release or receipt asked to be canceled, which turned out to be in full settlement of liability. All the allegations of fraud are fully alleged and set forth *(Stone v. Milling Co., 192 N. C., 585).*

The defendant, Hanna, demurs to the complaint on the ground: (1) "The complaint does not set forth facts sufficient to constitute a cause of action against this defendant in the second alleged cause of action"; (2) misjoinder of causes; (3) misjoinder of parties.

The other defendants demur: (1) That the complaint does not set forth facts sufficient to constitute a cause of action; (2) that there is a misjoinder of causes of action; (3) that there is a misjoinder of parties defendant. We think that none of the grounds of the demurrers can be sustained.

In the first cause of action, J. B. Killian, plaintiff administrator, alleges an action for damages against J. Hanna for actionable negligence for the death of his intestate. The facts are fully set forth. This cause of action is not demurrable. In the second cause of action plaintiff anticipated that defendant, J. Hanna, and the defendant, Georgia Casualty Co.—Hanna having indemnity insurance against loss in the company—and the other defendants, agents of Georgia Casualty Co., C. V. DeVault and W. H. Little, all of whom it is alleged were active in getting an alleged release from plaintiff administrator, would set this so called release up in the answer as a bar to the action. Plaintiff alleges this release was obtained by fraud on the part of all the defendants, and asked that it be canceled. If the release was procured without fraud, this ends plaintiff's cause of action for actionable negligence. If it was procured by fraud, then plaintiff proceeds with his actionable negligence cause of action against J. Hanna.

In *Griffin v. Baker,* 192 N. C., 298, it is said: "A demurrer to a pleading admits the facts stated therein for the purpose of passing

upon the questions raised by demurrer. On demurrer a complaint will be sustained if its allegations constitute a cause of action or if facts sufficient for this purpose are logically inferable therefrom under a liberal construction of its terms." *Blackmore v. Winders,* 144 N. C., p. 212, and cases cited.

C. S., 456, is as follows: "Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a *necessary party* to a *complete determination* or settlement of the questions involved," etc.

C. S., 507. "The plaintiff may unite in the same complaint several causes of action, of legal or equitable nature, or both, where they all arise out of: (1) The same transaction, or transaction connected with the same subject of action; (3) injuries with or without force to person or property. . . . But the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated."

C. S., 535, is as follows: "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

In *Sewing Machine Co. v. Burger,* 181 N. C., at 247, it is said: "One of the most important purposes of the adoption of The Code system of pleading was to enable parties to determine and settle their differences in one action. The law favors the ending of litigation, and frowns upon the multiplicity of suits. Hence, whenever possible, in the construction of statutes, this wise and wholesome policy should be observed." *Quarry Co. v. Construction Co.,* 151 N. C., p. 345; *Worth v. Trust Co.,* 152 N. C., p. 242; *Wadford v. Davis,* 192 N. C., p. 484.

In *Chemical Co. v. Floyd,* 158 N. C., at p. 461, where many cases are cited, there was held no misjoinder of parties defendant and causes of action. The facts in that case are "The cause of action is the recovery of the value of the property misappropriated, and one of the remedies sought to be enforced is the setting aside of certain deeds alleged to have been executed fraudulently by one of the defendants. . . . (p. 462) to join a cause of action on a note of whom it was alleged the debtor had executed a fraudulent deed *(Bank v. Harris,* 84 N. C., 206)."

In *Carswell v. Talley,* 192 N. C., p. 37, the facts were: "Civil action by the receiver of the Charlotte Jiffy Company, an insolvent corporation, to recover of the defendants, directors and sole stockholders of said insolvent corporation, damages for the alleged negligent and reckless management of the company's business by the defendants,

and to set aside a deed, alleged to have been made by virtue of an order entered in a friendly suit brought by Flora M. Kriminger against D. E. Kriminger for the purpose of having land owned by D. E. Kriminger in his individual right converted into an estate by the entirety by conveying the title to the two as husband and wife, with the intent to hinder, delay and defraud the creditors of the said D. E. Kriminger, etc. A demurrer was interposed by the defendants on the ground of a misjoinder of both parties and causes of action. From a judgment overruling the demurrer, the defendants appeal." The judgment was sustained under authority of *Chemical Co. v. Floyd, supra,* and *Robinson v. Williams,* 189 N. C., 256, and cases there cited.

On the question of misjoinder of parties defendant, the defendants cite the following cases: *Clark v. Bonsal,* 157 N. C., 270; *Hensley v. Furniture Co.,* 164 N. C., 148; *Newton v. Seeley,* 177 N. C., 528. The above cases decide that the assured (employer) must actually sustain a loss before an action will lie upon the indemnifying policy, as this is expressly required by the terms. This principle does not apply here. The defendant Casualty Co., with the other defendants, are being sued to have an alleged release set aside for fraud. If this is done, the defendant Casualty Co. would not be subject to any judgment that plaintiff may recover in the present suit against Hanna, under the terms of the policy. See *Harrison v. Transit Co.,* 192 N. C., p. 545.

*Shore v. Holt,* 185 N. C., 313, cited by defendants, is not applicable: "Charles Shore is joined as a coplaintiff with his wife, and, in the present suit, coupled with his wife's complaint, he has set up a separate and independent cause of action, for services rendered by him and for an accounting for the eight months he was with the defendant. The basis of the demurrer is that there is a misjoinder both of parties and of causes of action. Where this occurs, it has been held with us that the demurrer should be sustained and the action dismissed. *Roberts v. Mfg. Co.,* 181 N. C., 204; *Thigpen v. Cotton Mills,* 151 N. C., 97. Clearly, the two causes of action are separate and distinct; and, if the *feme* plaintiff's husband has been improperly joined as a party plaintiff in her suit, the demurrer should be sustained and the action dismissed under authority of the cases just cited."

We think the court below made no error in overruling the demurrers. For the reasons given, the judgment of the court below is

Affirmed.