FERRIS v. SOUTHERN RAILWAY COMPANY ET AL.

(Filed 7 December, 1927.)

**Removal of Causes—Courts—Jurisdiction—Diverse Citizenship—Federal Courts—Parties—Fraudulent Joinder—Nonresidence.**

In an action against a nonresident railroad company and its resident claim agent, in a personal injury case, to set aside for fraud a release from liability obtained from the plaintiff and to recover an adequate compensation for the injury: *Held,* upon the defendant's petition to remove the cause from the State to the Federal Court for diversity of citizenship under the Federal statute, the question of the diversity of citizenship and fraudulent joinder of the resident defendant, is to be determined by the Federal court when the facts are sufficiently and properly alleged upon the petition for its removal, it thereby appearing that the claim agent was without interest in the result of the controversy except in his limited representative capacity, or only a formal party, and the refusal to order the controversy removed accordingly is reversible error. *Killian v. Hanna,* 193 N. C., 17, cited and distinguished.

CIVIL ACTION before *Bowie, Special Judge,* at July Special Term, 1927, of MECKLENBURG.

This was a civil action instituted by the plaintiff through a next friend against the Atlantic-Tennessee & Ohio Railroad Company, Southern Railway Company and A. L. Harmon, defendants, to recover for personal injuries sustained by the plaintiff by reason of a collision near Mt. Carmel, Ill. Some months subsequent to the said injury, to wit, September, 1923, the defendant, Southern Railway Company, secured a release from the plaintiff, paying him the sum of $7,500. Plaintiff alleged that at the time of signing the release that he was *non compos menlis* and unable to understand the nature and consequence of his acts, and that the defendant "with full knowledge of the mental condition . . . secured the signature of said I. J. Ferris to a certain paper-writing for a consideration which the said I. J. Ferris was in no condition to receive, and which consideration was far less than the expense for care and attention on account of said injuries and so grossly inadequate for the injuries as to shock the conscience," etc.

The defendants in apt time, and in due form, filed a petition for removal of said cause to the Federal Court. The petition for removal alleges that the defendant Atlantic-Tennessee & Ohio Railroad Company had by deed, dated 26 June, 1894, and duly recorded, sold and conveyed to the Southern Railway Company all of its rights and privileges "of every kind and character in the State of North Carolina, including the said line of railway hereinbefore mentioned, running to Statesville, N. C., together with all rights of way, station grounds, yards and equipment," etc. The defendant in the petition for removal further alleged that the defendant, A. L. Harmon, was a mere claim agent for the defendant, Southern Railway Company, and that "the said Harmon, acting solely as the agent of this petitioner, and for and on its behalf alone, did make a bona fide settlement with the plaintiff of any and all claims which the plaintiff had against the Southern Railway Company. . . . That said release was thereupon immediately forwarded by the said A. L. Harmon to this petitioner and has ever since been, and is now, in the possession and under the control of this petitioner, and not in the possession or under the control of said A. L. Harmon. . . . The said Harmon is not a party to said release and is claiming no rights or benefits thereunder, and is not individually interested therein," etc.

The clerk of the Superior Court declined to remove the cause and, upon appeal, the trial judge denied the petition for removal, whereupon the defendants appealed to this Court.

*Ralph Kidd and J. A. Lockhart for plaintiff.*
*John M. Robinson for defendant, Southern Railway Company.*

BROGDEN, J.  The acknowledged rule in this jurisdiction in regard to removal upon the ground of fraudulent joinder is thus declared by *Stacy, C. J.,* in *Crisp v. Fibre Co.,* 193 N. C., 77: "Upon the filing of such petition, in apt time, when the fraudulent joinder is sufficiently alleged, the suit or action must be removed to the Federal Court, and if the plaintiff desires to traverse the jurisdictional facts, he must do so in that tribunal on motion to remand." *Smith v. Quarries Co.,* 164 N. C., 338.

It is further established law that: "If the facts alleged in the petition, taken to be true, show that the resident defendant has no real connection with the controversy, the petition for removal must be granted by the State court; if they are controverted by the plaintiff, the issues must be determined in the Federal Court, which will remand or retain the action for trial, upon its findings of facts involved in the issues raised." *Connor, J.,* in *Cox v. Lumber Co.,* 193 N. C., 28.

Assuming, therefore, as we are compelled to do, that the facts alleged in the petition for removal are true, it appears that the defendant, Atlantic-Tennessee & Ohio Railroad Company, many years ago sold its entire property to the nonresident defendant, Southern Railway Company, and further, that said Atlantic-Tennessee & Ohio Railroad Company never owned or had any control of the tracks, franchises or appliances in Illinois where the plaintiff was injured. It also appears from the petition that the resident defendant Harmon is a claim agent of the nonresident defendant; that he is not a party to the release referred to in the complaint, and claims no right or interest therein, and has no possession thereof. Hence it is apparent that the resident defendant Harmon "has no real connection with the controversy." Therefore the cause is removable. In the recent case of *Allred v. Trexler Lumber Co., ante,* 547, it is held that whenever it appears that the real controversy is between citizens of different states the presence of mere formal parties will not oust the jurisdiction of the Federal Court. Certainly Harmon, if a party at all, in contemplation of law, is no more than a formal party.

Plaintiff relies upon the case of *Killian v. Hanna,* 193 N. C., 17. It should be observed that there was no petition for removal in the *Killian case,* and it was not considered from that aspect. In addition, the record discloses that it was alleged in the complaint that all of the defendants, "in order to escape their full and just liability in the premises, entered into a conspiracy for the purpose of inducing and procuring a release and settlement for a nominal consideration on account of the death of the said Roy Killian"; and further, that the release complained of "was procured by all of the defendants acting together for their joint and several benefit and protection, and in fraud both for the rights and

duties of plaintiff as administrator of said Roy Killian," etc. We are of the opinion that the *Killian case* is clearly distinguishable from the case at bar.

We conclude upon the facts, properly alleged in the petition for removal, that the nonresident defendant was entitled to have the cause removed to the Federal Court.

Reversed.