## No. 17,839.

Mary J. Armijo, et al. *vs.* Ward Transport, Inc., et al.

(302 P. [2d] 517)

Decided October 15, 1956. Rehearing denied November 5, 1956.

Messrs. Kripke & McLean, Messrs. Doepker & Hennessey, for plaintiffs in error.

Messrs. Wormwood, O'Dell & Wolvington, for defendants in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

THE parties to this writ of error appear here in the same order as in the trial court. We will refer to the plaintiffs in error as plaintiffs and to the defendants by name. Involved in this review are the amended complaint filed by plaintiffs; the motion to dismiss filed by the Transport Indemnity Company and Harlan R. Brandell, and the rulings of the trial court on these motions. The trial court extended this order to defendant Gerald F. May, named as a defendant in the amended complaint.

The amended complaint in which all defendants in error were named as defendants set forth two claims, one on behalf of each plaintiff. The first claim alleged that a vehicle in which plaintiffs were riding was struck by a transport truck owned by Ward Transport, Inc., and driven by defendant William A. Akins. Negligence of these two defendants was alleged, and that personal injuries were sustained by plaintiff Mary J. Armijo. The only allegations against defendants Transport Indemnity Company, Brandell and May were the following:

"10. That while the plaintiff Mary J. Armijo was confined in a hospital as a result of the injuries sustained herein and while she was in a shocked, dazed and confused mental condition * * * and while in a state of semi-consciousness * * * the plaintiff Mary J. Armijo was approached by the defendant Harlan R. Brandell or the defendant Gerald F. May or both of them, who were then and there acting in the scope and course of their employment as agents, employees, servants, claim adjusters or branch claim managers for Transport Indemnity Company, and were acting for the benefit of Transport Indemnity Company, as well as for the benefit of defendant Ward Transport, Inc., and defendant William A. Adkins; and the said defendants Brandell or May or both of them, then and there secured her signature upon a purported document which she is informed and believes and therefore alleges was a form of release releas-

ing the defendants Ward Transport, Inc., and William A. Akins from liability."

Plaintiff Mary J. Armijo prayed for judgment in her favor against all for $105,000 damages, and "declaring the said form of release to be null and void."

The second claim was on behalf of plaintiff Carlos F. Armijo and was couched in similar language and demanded, in addition to $27,500 damages against defendants, that he have an additional judgment against defendants Brandell and May in the sum of $2,000, as "smart money".

The motion to dismiss on behalf of defendants Transport Indemnity Company and Brandell was based on two propositions. First, that the action against said defendants was premature, and second, that the amended complaint did not state a claim against said defendants. The trial court sustained this motion and from the judgment dismissing the action against these defendants, the plaintiffs bring the case here on writ of error.

It is obvious that plaintiffs' counsel anticipated a possible defense based on the releases allegedly executed by plaintiffs. A release is a matter of defense and matters tending to invalidate it need not and should not be anticipated in the complaint. 76 C.J.S. 701.

The three defendants who were dismissed on motion were not essential or necessary parties to a proper adjudication of the claims of plaintiffs. A careful examination of the two claims asserted fails to disclose a valid claim against these three defendants, or any or either of them.

It is admitted that the releases ran in favor of Ward Transport, Inc. and its driver Adkins, the alleged tortfeasors. They are the only parties necessary or essential to a proper determination of the issues in the case. The suit as to them has not yet been tried. Ward Transport and Akins are the releasees in these documents, and if and when they set up these releases by way of answer

to the complaint, plaintiffs may set up matters in avoidance.

 Plaintiffs' counsel attempt to do by indirection that which they cannot do directly. We have held that in an ordinary action for damages the insurance carrier cannot be joined in the suit. *Crowley v. Hardman Bros.* 122 Colo. 489, 223 P. (2d) 1045; *Wheat v. Fidelity & Cas. Co.* 128 Colo. 236, 261 P. (2d) 493. Such being the law in this state the insurance carrier cannot be made a party defendant to the action for damages and to set aside a release when it was not named as a releasee in the instrument. We think the case of *Ferris v. Atlantic Co.* 194 N.C. 653, 140 S.E. 607 is in point.

There, the claim agent was included as a defendant. He being a resident of North Carolina, the trial court denied a petition for removal to the Federal Court. The Supreme Court reversed the lower court, holding that the claim agent not being a party to the release had no real connection with the controversy and that he was improperly joined as a defendant.

We quote from the opinion:

"Plaintiff relies upon the case of *Killian V. Hanna,* 193 N.C. 17, 136 S.E. 246. It should be observed that there was no petition for removal in the Killian case, and it was not considered from that aspect. In addition, the record discloses that it was alleged in the complaint that all of the defendants, 'in order to escape their full and just liability in the premises, *entered into a conspiracy* for the purpose of inducing and procuring a release and settlement for a nominal consideration on account of the death of the said Roy Killian'; and further, that the release complained of '*was procured by all of the defendants acting together for their joint and several benefit and protection,* and in fraud both for the rights and duties of plaintiff as administrator of said Roy Killian,' etc. We are of the opinion that the Killian case is clearly distinguishable from the case at bar." (Emphasis supplied.)

It will be noted that there was no such allegations in the instant case.

Transport Indemnity Co., Harlan R. Brandell and Gerald E. May were improperly joined, not only to their prejudice but to the prejudice of the other defendants, Ward Transport, Inc., and William A. Akins. If there was fraud in obtaining the release, then plaintiffs may set aside said release in an action in which Ward Transport, Inc. and William A. Akins are the only defendants.

■ The exemplary damages ("smart money") demanded from Transport Indemnity Co., Brandell and May could not be recovered because no compensatory damages could be awarded against said defendants. Absence of proof of actual damages precludes recovery of exemplary damages. *Ress v. Rediess,* 130 Colo. 572, 278 P. (2d) 183.

The judgment is affirmed.